OF THE STATE OF ARKANSAS. 85

TERM, 1860.]                    Thruston et al vs. Peay, Rec'r.

THRUSTON ET AL. VS. PEAY, REC'R.

It was competent for the legislature, under its power to regulate the law of set-off etc., to make the interest due upon the bonds issued by the State for the benefit of the Real Estate Bank, and evidenced by the *coupons* attached, receivable in payment of debts due the bank, etc. And in the absence of an express contract to

## 86

CASES IN THE SUPREME COURT

Thruston et al. vs. Peay, Rec'r. [JANUARY

pay in specie, an obligation to pay in "dollars," whether the consideration be for a loan, or for property purchased of the Trustees, may be paid in such *coupons*.

Parties to a contract are presumed to have contracted in reference to existing laws.

Where the defendants file, in short, a plea of tender of coupons, in an action by the Receiver of the Real Estate Bank, and the record fails to show that the coupons were brought into Court, it will be presumed that they were, upon the agreement by the plaintiff, that if the court believe that the defendants had the right to pay in coupons, judgment shall be rendered in their favor.

### Appeal from Crawford Circuit Court.

Hon. FELIX I. BATSON, Circuit Judge.

WATKINS & GALLAGHER, for appellants.

The coupons tendered should have been received. They were a good payment under the charter, the acts of 1843 and 1853, and a good set-off under the general law. See *secs*. 9 and 11 of the charter of the bank, and the acts of 31st January, 1843, and 12th January, 1853, *chap*. 150 *Gould's Dig. title Set-off*. See also *Stillwell vs. Fagan Rec'r*. 19 *Ark. Rep*.

S. H. HEMPSTEAD, for the appellee, contended,

1st. That it is fatal to a plea of tender, and fatal to the defence if it does not appear that the money, admitted by the defendant to be due, was by him brought or paid into Court. 1 *Bibb* 274; 2 *Gilman*, 679; 1 *Harr*. 237; 9 *Bac. Abr. tender* (*H. and J.*) 8 *Mass*. 261; 23 *Barb*. 492. And as on the agreed state of facts, it does not appear that the tender was followed up by producing or paying the coupons into Court, or that they had them ready to be produced, the conclusion must be, that such was not the case.

2. That it never was the design of the deed of trust of 1842, to allow any debtor of the bank to pay in coupons, if he was not at the time the holder of the bonds, from which the coupons were detached.

3. That by that deed bonds were not receivable at all in payment of debts to the bank.

4. That any debtor resisting payment, was required to pay his debt in specie.

5. That the act of the 12th of January, 1853, had no effect as to the medium of payment, until adopted by the chancellor.

6. That the only debts which may be paid in bonds or coupons, are those which were created for loans or stock; but where property of the trust has been sold, and a note given for " dollars " for it, such note must be paid in constitutional currency—gold and silver, and on such a note, a tender or offer of any thing but money, is an illegal tender.

7. That the note in question was a specific contract, and ought to be discharged in gold or silver only.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Gordon N. Peay, as Receiver in Chancery of the assets of the Real Estate Bank, brought an action of debt, in the Crawford Circuit Court, against Richard Thruston, Philip Pennywit, and John Thruston, on an obligation, as follows:

One year after the date hereof, for value received, we, or either of us, promise to pay to Henry L. Biscoe, Sandford C. Faulkner, John Drennen, James H. Walker, as Trustees of the Real Estate Bank of the State of Arkansas, or their survivors, or successors in said office, the sum of four hundred dollars and interest thereon, at the rate of eight per centum per annum from this date until paid. Witness our hands and seals this 11th day of December, A. D. 1854.

RICHARD THRUSTON, (Seal.)
PHIL PENNYWIT, (Seal.)
JOHN THRUSTON, (Seal.)

The defendants pleaded *Nil debet*, tender, and payment, to which the plaintiff entered replications, and issues were joined, all in short, upon the record, by consent; and the cause was submitted to the Court, sitting as a jury, upon the following agreement of facts:

The payees in the bond sued on were the sole surviving Trustees of the Real Estate Bank, under the provisions of the deed

CASES IN THE SUPREME COURT

Thruston et al. vs. Peay, Rec'r.                    [JANUARY

of assignment of 5d April, 1842, a copy of which is appended, etc.; and were, as such Trustees, under said deed, and in no other right, owners of a certain tract of land, situate in Crawford county, which was part of the trust fund; and which they contracted and agreed to sell to defendants for the price of $ which was then the admitted (as between the parties,) cash value thereof. That of said price, the defendants had paid, in specie, the whole, except the amount sued for in this action, with interest thereon, which remained unpaid.

That the plaintiff was the Receiver of the assets of the Bank, and the successor of the Trustees under the deed, of assignment, in virtue of several orders and decrees of the Chancery Court of Pulaski county (copies of which were appended), and that the obligation sued on was assigned and delivered to him as such Receiver, etc.

That while the plaintiff, as such Receiver, held the obligation sued on, the defendants tendered and offered to pay to him, on the 17th May, 1856, in over due *coupons*, detached in his presence, from bonds issued by the State of Arkansas to the Real Estate Bank, in pursuance of its charter, (said bonds being of that class mentioned in the deed of assignment, as 1530 bonds partly sold to the treasury department of the United States, partly to J. D. Beers, and partly to R. M. Johnson,) the entire amount of the principal and interest due upon the obligation sued on; which tender, so made, the plaintiff, as such Receiver, refused to accept, or to allow payment to be made otherwise than in gold and silver. And, at the same time, the defendants tendered and offered to pay to the plaintiff all costs which had then accrued in this action.

And the parties agreed to submit the case upon the facts aforesaid, with like advantage, and like judgment to be given, in every respect, as if any or all of said facts had been pleaded and alleged in due form by the respective parties; and that the Court, if it should be of the opinion, upon the facts aforesaid, that the tender aforesaid was valid at law, and said Receiver was bound to accept payment in coupons as aforesaid, should

render judgment for defendants; but if, on the contrary, the Court should be of opinion that said tender was invalid, or could not be pleaded as a defence at law, then the Court should give judgment in favor of plaintiff for the debt and interest claimed in the declaration, etc.

The Court, upon the agreed statement of facts, rendered judgment for plaintiff; and defendants appealed.

In order to enable the Real Estate Bank to borrow money for banking purposes, the State issued her bonds to the bank, transferable by endorsement of the President and Cashier, which, so endorsed, were put into the market and sold, the stockholders securing the payment of the bonds by mortgages upon real estate. The interest upon the bonds was made payable half yearly.

It was declared by the 11th section of the charter of the bank that both the principal and interest of the bonds should be paid by the bank as they became due and payable.

Legally, the State is the party primarily liable upon the bonds to the holders of them; equitably, she is to be regarded as having loaned her credit, by making her bonds for the accommodation of the bank, who is the *principal* debtor, as held in *Ringo vs. Biscoe et al.* 13 *Ark.* 577.

By the 11th section of the act of 30th January, 1843, it is provided that, " Any debtor of said bank, who shall hereafter be the holder of any of the said 1530 bonds, [*Referring to the same bonds mentioned in the agreed statement of facts in this case,*] shall be credited upon any of his indebtedness to said bank, for and with the amount of interest and exchange due on the bonds so held by him, from time to time, when such interest and exchange shall so fall and become due."

It may be remarked that some of the provisions of this act are at war with the deed of assignment made by the bank before its passage, but the 11th section is not subject to this objection.

By the 3d section of the act of 12th January, 1853, (passed in contemplation of the removal of the Trustees of the bank

7

90          CASES IN THE SUPREME COURT

Thruston et al. vs. Peay, Rec'r.          [January

under the deed of assignment, and the appointment of a Receiver in Chancery to take charge of and administer the assets of the bank), it was provided, that it should be the duty of the Receiver " to receive and take from the debtors of said bank, or said trustees, the bonds of the State heretofore issued, and any coupons that may be due on such bonds, at the time of such payment, in payment of any and all debts that may be due, or shall hereafter become due to said institution, or the Trustees thereof, as aforesaid, any thing in said deed of assignment to the contrary notwithstanding."

The bank being the principal debtor, and bound by its charter to pay the interest upon the bonds as it matured, it was competent for the legislature, under its power to regulate the law of set-off, remedies upon cross-demands, etc., to make the interest due upon the bonds, and evidenced by the *coupons* attached, receivable in payment of debts due the bank, etc. *State use etc., vs. Rives et al.* 13 *Ark.* 726.

The acts providing that debts due to the bank, or to the Trustees, etc., should be payable in the interest due upon the bonds of the State issued to the bank, were in force when the obligation sued on in this case was executed, and the parties are presumed to have contracted in reference to the existing laws.

The attorney for the bank insists that the obligation sued on was payable in specie only. But it is not so expressed in the face of the bond, nor do the facts agreed on prove that such was the contract of the parties. It is true that it is agreed that the bond was given for land at its cash value, and that the obligors had paid part of the purchase money in specie, but this does not prove that they agreed to waive their right to pay in *coupons*, and bound themselves to pay in gold or silver. The Receiver was obliged by the charter of the bank, as well as a provision in the deed of assignment, to pay to the holders of the bonds the interest due thereon in specie, if required. The debt sued on was no more a specie debt than the interest due on the bonds, and in the absence of any express contract war-

OF THE STATE OF ARKANSAS. **91**

ranting it, the representative of the bank must not be permitted to repudiate its liabilities, and demand specie of its debtors.

It is, moreover, insisted that the judgment should have been for the plaintiff below, because it does not appear that the coupons, etc., tendered in payment, were brought into court. It is to be presumed, however, that they were, as the plaintiff agreed that if the Court should be of opinion that the defendants had the right to pay the debt in coupons, judgment should be rendered in their favor.

The judgment must be reversed, and the cause remanded.

Absent, Mr. Justice RECTOR.

S. H. HEMPSTEAD for the appellant.