72  305
f 84  186

PLANTERS' MUTUAL INSURANCE COMPANY v. GREEN.

Opinion delivered March 19, 1904.

1.  LETTER—PRESUMPTION OF DELIVERY.—Where a letter was properly stamped and mailed, and was never returned to the sender, it is presumed that it was received, but this presumption may be rebutted. (Page 306.)

2.  INSURANCE POLICY—TAKING ADDITIONAL INSURANCE.—Where a policy of insurance contains a clause avoiding the policy if insured procures additional insurance, the procurement of additional insurance without the insurer's consent avoids the policy.  (Page 306.)

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

*J. W. & M. House,* for appellant.

The consent of the company for additional insurance was not obtained as required by the stipulation in the policy. Ostrander, Ins. 555; 46 N. W. 481; 49 N. W. 246; 6 Gray, 173; 11 Cush. 264; 60 Miss. 313; 98 Pa. St. 41; 73 N. Y. 5.  Appellee failed to establish a waiver of the stipulation.  63 Ark. 202; 65 Ark. 250; 62 N. W. 897; 23 Am. R. 701; 130 N. Y. 264; 73 N. Y. 5; 5 Nev. 273; 14 N. Y. 418; 51 Pa. St. 402; 13 Gray, 79; 8 Gray, 37.

*H. L. Norwood* and *Pole McPhetrige,* for appellee.

Instruction No. 3 was proper.  64 Ia.19.  The placing of additional insurance did not in itself void the policy. 86 N. Y. 414; 2 Beach, Ins. § 653.  The forfeiture may be waived. 41 Minn. 396; 2 Beach, Ins. 53, 652.  If the company induced the assured to believe that the breach was waived, it is estopped from setting up same.  62 Miss. 720; 2 Beach, Ins. § 652.  The premium paid and retained by the insurer will be a sufficient consideration to

support the waiver and revive the contract.  61 Mich. 635; 2 Beach, Ins. § 663.  Notice of insured's intention  by mail is sufficient.  Wade, Notice, § § 5, 500, 501; 1 Am. & Eng. Enc. Law (1st Ed.), 825.  A judgment will not be reversed for refusal to give an instruction asked if substantially the same instruction was given.  13 Ark. 705; 16 Ark. 296; 28 Ark. 8; 34 Ark. 383; 43 Ark. 184.  The instructions were only prejudicial, not erroneous.  23 Ark. 15; 5 Ark. 19; 46 Ark. 524; 50 Ark. 68.  The breach of the stipulation may be waived by the conduct of the company.  2 Beach, Ins. 767.  The verdict will not be disturbed if supported by the evidence.  23 Ark. 131; 46 Ark. 141; 51 Ark. 467; 48 Ark. 495.

BATTLE, J.  Joe L. Green brought an action against the Planters' Mutual Insurance Association to recover the sum of $1,500 on a policy of insurance executed to him by the association on the 16th day of February, 1900.  The property insured was a stock of goods, wares and merchandise and a storehouse. The defendant admitted the execution of the policy, but denied that it was liable thereon, because it contained  the following clause:  "This entire policy, unless otherwise provided by agreement indorsed thereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy;" and because the plaintiff, after the execution of the policy procured other insurance upon the stock of goods, wares and merhandise, in the sum of $1,000, without its knowledge or consent.

The plaintiff recovered judgment, and the defendant appealed.

The policy sued on contains said clause.  After its execution appellee procured other and additional insurance for $1,000 on the stock of goods, wares and merchandise.  Before doing so he wrote a letter to appellant, saying that he intended to procure additional  insurance.  The  letter was properly stamped and mailed, and it was never returned.  The presumption, in the absence of evidence to the contrary, is  that it was  received. *Oregon Steamship Co. v. Otis,* 100 N. Y. 451.  But this presumption may be rebutted.  The  uncontradicted  and unimpeached. evidence in this case shows that the letter was not received by

the appellant. There was no evidence that appellant consented to the additional insurance. The policy was voided by the additional insurance.

Reversed, and remanded for new trial.

