NABORS *v.* DIXIE MUTUAL FIRE INSURANCE COMPANY.

Opinion delivered October 28, 1907

1. INSURANCE—WARRANTY—BREACH.—Where an applicant for fire insurance was asked whether there was any other insurance on the property, and answered in the negative, the fact that there was a prior invalid policy on the property did not constitute a breach of the warranty in the policy that the answer was correct. (Page 186.)

2. SAME—PROCURING ADDITIONAL INSURANCE.—Where a policy of fire insurance contains a clause avoiding the policy if insured procures additional insurance, the procurement of such additional insurance without the insurer's consent avoids the policy. (Page 186.)

3. SAME—BURDEN OF PROOF AS TO BREACH OF WARRANTY.—The burden is upon a fire insurance company, relying upon a breach of warranty in a policy, to establish such breach. (Page 187.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*W. G. Dinning,* for appellant.

The fifth instruction is erroneous. Where a policy forbids the creating of incumbrances on the property insured, giving a mortgage thereon renders the policy void. 62 Ark. 348; 151 U. S. 452. There can be no existing insurance without such insurance is valid and in full force, and capable of being legally enforced or collected in case of the destruction of the property insured. 129 Ill. 599; 13 Am. & Eng. Enc. of Law, 305; 33 Ia. 325; 65 Me. 368; 34 Am. Dec. 69; 83 Md. 63; 119 Mass. 121; 43 Mo. 573; 31 Gratt. (Va.), 176; 9 New Bruns. 173.

A contract in the nature of the Capital Fire Insurance Company policy is entire and indivisible, and the avoidance of part avoids the whole. 10 Ark. 326; 78 Ark. 111; 63 Ark. 202; 52 Ark. 257; 43 Ark. 275; 22 Ark. 158.

*Jacob Fink* and *Morris M. Cohn,* for appellee.

It is well settled that an answer in an application for insurance which is warranted to be true must be true, whether it relates to a material matter or not. "It is not necessary that the fact or act warranted should be material to the risk, for the parties by their agreement have made it so." 58 Ark. 528; 6 Wend. 488; 16 Am. Dec. 463; 6 Fed. 672; 20 Fed. 482; 3

Gray (Mass.) 580; 53 Miss. 1; 108 Ill. 91; 49 Me. 200; 17 Mo. 247; 2 Denio, 75; 30 Pa. St. 315.

HART, J. This is an action to recover on a policy of insurance against fire issued by the appellee to appellant. The facts, briefly stated, are as follows:

G. B. Sawyer testified that he was secretary and treasurer of the Capital Fire Insurance Company, of Little Rock, Arkansas. That a policy of insurance was issued by said company in favor of Thomas Nabors to take effect November 29, 1904, and to expire November 29, 1907. That the policy covered insurance on a two-story frame house and furniture, bedding, etc., in said building. That the policy did not permit additional concurrent insurance, and did not permit a mortgage to be given against the property. That Nabors sent to his company a proof of loss. That he informed Nabors that his policy had been violated in that, subsequent to the issuance of the policy, he (Nabors), without the permission of the company, had mortgaged the property covered by the policy, and had also taken out additional insurance on the same, either of which avoided the policy, and that the company refused payment. That then at the request of Nabors on November 7, 1905, the policy was cancelled.

It was agreed by counsel that the mortgage mentioned by Sawyer was excuted and delivered on the 4th day of May, 1905.

The policy sued on was issued by appellee, the Dixie Mutual Fire Insurance Company, on the 24th day of August, 1905.

About three weeks after the issuance of the policy, the property covered by the policy of insurance was destroyed by fire. The company denied liability under the terms of the policy, and refused payment, and this suit was commenced on April 27, 1905. There was a verdict and judgment for the defendant. Counsel for appellant asks a reversal of this case because the court erred in giving to the jury instruction No. 5 as follows:

"The jury is instructed that there is no competent testimony before them showing that the policy of the Capital Fire Insurance Company was avoided as to the personal property therein described, prior to August 24, 1905, by reason of the plaintiff having executed a deed of trust to ———— Carter on —— May, 1905, on the house containing said personal prop-

erty, and the jury is instructed that, as a matter of law, said policy of said Capital Fire Insurance Company was subsisting insurance on the 24th day of August, 1905, on the personal property described in the policy of said Capital Fire Insurance Company, and the plaintiff's answer as to other insurance was untrue, and the plaintiff can not recover."

The application of appellant, Nabors, to appellee for insurance is in part as follows:

"Q. Have you any other insurance on any of this property? A. No.

"This application shall be considered a part of the contract for insurance and a warranty by the applicant."

This is all the representation made about other insurance. The policy contains a clause avoiding it if any of the statements or warranties are not true.

"If the prior policy is totally invalid before the issuance of the policy in suit, it cannot be regarded as constituting an insurance which must be disclosed, in the absence of a specific requirement as to the disclosure of insurance, whether valid or not. If the policy requires 'all insurance (valid or not) to be disclosed,' however, a failure to mention a former policy apparently valid on its face but in fact void will vitiate the insurance." 19 Cyc. p. 705, and cases cited.

It will be observed that the question asked appellant by appellee was whether he had any other insurance, not whether he had any other insurance, valid or invalid. Under the rule announced *supra,* this presents to the court the question whether or not the Capital policy was subsisting insurance on the 24th day of August, 1905, the date of the issuance of the policy by appellee.

Where a policy of insurance contains a clause avoiding the policy if insured procures additional insurance, the procurement of additional insurance without the insurer's consent avoids the policy. *Planters' Mutual Insurance Company* v. *Green,* 72 Ark. 305.

The policy of the Capital Fire Insurance Company was not exhibited. The only evidence we have of its terms is contained in the deposition of Sawyer. His testimony was read on behalf of the defendant. The effect of his testimony is that the Capital

policy was void, on two grounds: first, because the insured exe-
cuted a mortgage on the property in violation of the terms of
the policy; second, because the insured had taken out addi-
tional insurance not permitted by the policy.

Counsel for appellee contends that there is no competent
proof that the policy of the Capital was void. The burden of
proof was upon the appellee to show that the warranties and
representations made in its policy in regard to "other insurance"
were not true. For this purpose the deposition of Sawyer was
read to the jury, that being all the evidence introduced on that
point, and, the burden of proof being on the appellee in that
regard, appellee is bound by this statement.

For the reason that the effect of Sawyer's testimony is that
the policy of the Capital Fire Insurance Company was void be-
cause of the execution of the mortgage to Carter in May, 1905,
anl because of the taking out of additional insurance, we think
the court erred in instructing the jury that as a matter of law the
policy of the Capital Fire Insurance Company was subsisting
insurance on the 24th day of August, 1905.

Reversed and remanded for a new trial.