E. O. Barnett Bros. *v.* Western Assurance Company.

Opinion delivered April 12, 1920.

1. Insurance—reformation of policy.—Kirby's Digest, § 4375, providing that a fire insurance policy, in case of a total loss, should be a liquidated demand for the full amount of the policy, becomes a part of every fire insurance policy written on real estate within this State, and it was not error to refuse to reform a policy by writing therein a clause including the above statute in express terms.

2. Judgment—res judicata.—A final judgment in an action at law on a fire insurance policy is a bar to a subsequent suit in equity to reform the policy so as to include in it the statutory provision of Kirby's Digest, § 4375, making the amount of a fire insurance policy liquidated damages in case of total loss.

Appeal from Hot Spring Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*Oscar Barnett,* for appellant.

1. The court erred in holding that the judgments and other proceedings referred to by cousel in his answer shows an adjudication of the relief asked in our complaint; in other words, erred in sustaining the plea of *res judicata* by the insurance company. The proceedings previously had proves that there was no good insurance on the property, and nothing has ever been paid for the loss. As the contract does not express the real and true intention of the parties at the time it was written, it should have been reformed as prayed and specifically performed. 78 Ark. 33; 1 Pom. Eq. Jur. (3 ed.), par. 171; 102 N. W. 246.

Appellants are not estopped. The law of Arkansas was a part of the contract (Kirby's Digest, § 4375) and was left out by mistake or fraud or equity had jurisdiction and the relief prayed should have been granted. The burden was on appellee to establish the plea of *res judicata.* Black on Judgm., p. 700; 1 Freeman on Judg., p. 502.

2. Even if appellee had properly placed its plea and gotten all the judgments and pleadings into the records,

appellants can not be deprived of the advantages of the judgments and pleadings in their favor.  174 S. W. 570. The instructions asked by appellee contravene Kirby's Digest, § 4375.  The judgments show no adjudication of appellant's rights, and the court erred in dismissing the complaint.  Cases *supra.*  45 Cal. 78; 48 Wis. 31; 17 Conn. 559; 78 N. Y. 618.  This court will be governed by the records in the case and allow us to recover our loss from appellee, who took our money and promised to insure the property against all loss or damage by fire and has not done so, nor returned our premium paid.

*Reid, Burrow & McDonnell,* for appellee.

This whole matter is *res judicata,* and has been settled by this court.  132 Ark. 434; 126 *Id.* 562.  Appellants do not come into equity with clean hands.  Pom. Eq. Jur. (4 Ed.), § 307.

WOOD, J.  This action was instituted by the appellant against the appellee in the Hot Spring Chancery Court.

The complaint, among other things, alleged that the appellee was a foreign insurance company doing business in the State of Arkansas; that, in consideration of the payment of $15 premium paid by appellant to the appellee, it issued to appellant a policy in the sum of $600, insuring a one-story frame building, which was then in process of construction, and afterward completed, on lots 3 and 4, in block 14 in Barnett's Second Addition in Malvern, Arkansas; that a description of the premises was not correctly given in the policy. The appellant set out what it alleges is the correct description. Appellant also alleges ''that the said policy was written with the mutual intent of the parties thereto that it should, by its terms, insure the plaintiff against all direct loss or damage by fire to its said property. That in fact the said policy does not insure the plaintiff's property in any manner; that the appellee in the preparation of said policy either by fraud or mistake left out of the policy the following condition: ''This policy of insurance, in case of total loss by fire of

the property insured, shall be held and considered a liqui-
dated demand against this company for the full amount
stated in this policy, or the full amount upon which this
company charges, collects and receives premiums.''

Appellant further alleged that the omission of the
above conditions was unknown to the appellant at the time
the policy was received by it and paid for, and was not
known to appellant until long after the property had been
destroyed by fire.   Appellant alleged that it had per-
formed all the conditions of the contract on its part; that
the premises insured had been totally destroyed by fire;
that appellee did not deny liability under the terms of the
policy until the building was destroyed.

The appellant prayed that the policy of insurance be
reformed so as to recite a true description of the premises
insured and to include the above condition; that appellant
recover the sum of $600, with 12 per cent. penalty and
reasonable attorney's fee.

The appellee answered and set up that ''the identical
matters and things between the identical parties involved
in this litigation have been heretofore fully and finally ad-
judicated, including every issue of law and of fact arising
therefrom, as will more fully appear by reference to the
pleadings, orders and judgments had and done in the case
of *E. O. Barnett Bros.* v. *Western Assurance Co.,* on Feb-
ruary 1, 1916,'' which said judgment is pleaded in bar of
this proceeding.

The answer also further alleged that ''said matters
and things, including all the issues of law and of fact pre-
sented by the plaintiff in this cause, were again adjudi-
cated in the case of *Barnett Bros.* v. *Western Assur. Co.,*
on July 31, 1917; that all the issues of law and fact pre-
sented by the complaint in this case were again adjudi-
cated in the case of *E. O. Barnett Bros.* v. *Western Assur.
Co.* on June 3, 1918, in the Hot Spring Chancery Court.''

The appellee further alleged that each of these causes
was prosecuted by an appeal to the Supreme Court and
therein finally and fully affirmed.

The answer alleged that copies of the pleadings, orders and judgments are attached and made exhibits to the answer; that the answer contained the further allegation that "in all issues above referred to the plaintiff has complained upon identically the same contract of insurance and has never heretofore complained or averred that the same was not drawn or issued in full compliance with every term of the contract made and entered into by the respective parties thereto; * * * that the plaintiff is fully and completely estopped from contending that said policy for any reason should be modified or reformed."

The appellant introduced the policy, No. 5,461,639, issued by the appellee December 3, 1914, insuring a dwelling house for $600 in favor of E. O. Barnett Bros. for a premium of $15.

The testimony on behalf of the appellant on the issue of reformation was to the effect that it was the intention of the appellant and the agent that the policy should be written according to the laws of the State of Arkansas with the following clause contained therein: "This policy of insurance, in case of total loss by fire of the property insured, shall be held and considered a liquidated demand against this company, for the full amount stated in this policy, or the full amount upon which this company charges, collects and receives premium." That the policy as written does not contain this condition; that the agent soliciting the application for the policy stated that she had inspected the property; that the building was complete, and that she had charged the regular rate for the full three years' policy, and that the policy as written was good insurance against all direct loss by fire to the property covered by it for three full years.

The testimony showed that the appellant had paid $15, the full and regular premium for three years' insurance and that no part of the premium had been returned to appellant. The appellant testified that the policy does not express the intention of the parties at the time it was made and does not insure the property against loss or damage by fire; that the building upon which the policy

was issued was totally lost by fire in June after the issuance of the policy.

The decree of the court, among other things, recites: "This cause is submitted to the court upon the complaint, the answer, and demurrer to the complaint, the motion of the plaintiff to strike, the answer of the defendants, as well as the exhibits mentioned in the answer, the depositions, etc."

There is also a recital in the decree to the effect that the parties agreed that the records and judgment in the former suits on this policy are offered by the appellee and are considered by the court. The decree further recites: "It is agreed that the said transcripts show that the cases pleaded by the defendant in bar of this action are suits at law, unsuccessful to the plaintiff, on the unreformed policy of insurance here sought to be reformed, and the same are to be considered as if copies of them were filed herewith, and may be referred to by either party in their argument of this case in the Supreme Court; but in no event are any of the transcripts or any of the parts thereof, or copies thereof to be put into the records of this case, should a transcript of this case be lodged in the Supreme Court.

"Now, having considered this case, as well as the argument of counsel, and being well and sufficiently advised herein, the court finds that the matters in controversy herein have been adjudicated by the Supreme Court of the State of Arkansas, and that the complaint of the plaintiff is dismissed for want of equity.

"It is therefore considered, ordered, adjudged and decreed by the court that the plea of *res adjudicata* be and the same is hereby sustained, and the complaint of the plaintiff be and the same is hereby dismissed for want of equity." From that decree is this appeal.

The rulings of the court were correct.

Section 4375 of Kirby's Digest provides: "A fire insurance policy, in case of total loss by fire of the property of the insured, shall be held and considered a liquidated demand against the company taking such risk, for

the full amount stated in the policy or the full amount upon which the company charges, collects, and receives premiums; provided, the provisions of this article shall not apply to personal property.''

Appellant contends here that it was the intention of the parties that the above section of the digest should have been expressly written into the policy, and this action is brought to reform the policy so as to make it include in express terms the above statute. The above section becomes a part of every policy of insurance on real property in this State, the same as if it were actually written in the policy.

''It is a familiar and often quoted maxim that the law enters into and becomes an inseparable part of every contract.'' *Grand View Bldg. Assn.* v. *N. Assur. Co. of London,* 102 N. E. 246-8; *State* v. *Allis,* 18 Ark. 269; *Thurston* v. *Peay,* 21 Ark. 85; *Parsel* v. *Barnes,* 25 Ark. 261; *Jacoway* v. *Denton,* 25 Ark. 625; *Richardson* v. *Thomas,* 28 Ark. 387; *Robards* v. *Brown,* 40 Ark. 423; *Choctaw & M. Ry. Co.* v. *Sullivan,* 70 Ark. 262; see, also, *Sovereign Camp Woodmen of the World* v. *Newsom,* 142 Ark. 132.

The appellant's policy had the same force and effect in all of the former suits at law in which it sought to recover thereon, as if the above section in express terms had been written in the face of the policy.

The trial court, therefore, did not err in refusing to grant the reformation which appellant seeks herein, for such reformation is wholly immaterial to appellant's right and would be a vain and idle proceeding from which appellant could not derive any benefit that it did not already have under its policy.

It is agreed as shown by the recitals of the decree that all the suits pleaded by the appellee in bar of this action are suits at law unsuccessful to the appellant on the unreformed policy of insurance here sought to be reformed.

Since the rights of the respective parties under this policy were fully adjudicated by a former suit, the court was correct in sustaining the appellee's plea of *res adjudicata.*

Affirmed.