AGNES L. TOURTLOTT

*vs.*

WEST BANGOR AND HERMON MUTUAL FIRE INSURANCE   COMPANY

Penobscot.    Opinion March 14, 1927.

*In any contract there must be a meeting of minds.    There must be an offer, and an acceptance conforming to the terms of the offer in some manner communicated to the offerer.*

*When the applicant for insurance and the Company are in different towns, and a policy, conforming to an application, is deposited in the mail, postpaid, properly directed to the applicant, the contract is complete as of the time when the acceptance is so posted.*

*If the policy is sent to the agent of the company to deliver pursuant to a prior intended acceptance by the company the contract is complete, whether delivery is made to applicant or not.    If it is sent to the agent with authority to make delivery as and for an acceptance, the contract is incomplete until delivery to the applicant or offerer. The contract may be complete notwithstanding that the company or its agent retains the policy.    But it cannot be so presumed.*

In the instant case the defendant sets up as a defense the plaintiff's violation of the conditions of her policy.   It says that she did "make" other insurance, i. e. that she did enter into a completed contract of insurance with another company upon the same property.   The burden is upon the defendant to prove this defense well founded.   It has failed to sustain this burden.

On exceptions.   An action of assumpsit to recover on an insurance policy issued by defendant company.   The only question involved by the pleadings was as to whether plaintiff had procured other in-

surance on the same property without the assent in writing of the defendant company.  At the trial the Court excluded an application and policy of another company unless delivery or waiver of delivery were shown,.and defendant excepted.  At the conclusion of the testimony the Court directed a verdict for plaintiff and defendant excepted.  Exceptions overruled.

The case is fully stated in the opinion.

*Fellows & Fellows* for plaintiff.

*Gillin & Gillin* for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DEASY, J.  In this action upon a fire insurance policy,—ownership, destruction of buildings by fire, proof of loss, value and waiver of arbitration are all admitted.  The presiding justice ordered a verdict for the plaintiff.  It is agreed that the defendant's exceptions must be overruled and the verdict sustained unless the facts next hereinafter summarized require that the exceptions be sustained.

The policy upon which this suit is brought is made expressly subject to the following conditions:—"This policy shall be void—if the insured now has or shall hereafter make any other insurance on the said property without the assent—of the company."

On Sept. 5, 1925, during the term of the policy sued upon, the insured made application to another insurance company to wit, York County Mutual Fire Insurance Co. for insurance upon the same buildings covered by the defendant's policy.  A premium note was given.  A policy was written by the York County Company and forwarded to George P. Gould, its agent in Bangor.

It was not delivered to the plaintiff.  While the policy was still in possession of Mr. Gould, the Company's agent, the buildings were destroyed by fire.

It is not claimed that the defendant assented to the making of further insurance.

The sole question is whether when the York County Company forwarded, presumably by mail, directed to its own agent, the policy upon the plaintiff's buildings, the contract became complete.  If so the plaintiff did "make" other insurance and did thus violate the condition of her policy.

What the plaintiff was, by the condition above recited, forbidden to do was to "make any other insurance upon the said property."

To "make" insurance is to enter into a contract of insurance. In any contract whether relating to insurance or any other subject there must be a meeting of minds. There must be an offer, proposal or application upon one side and upon the other, an acceptance conforming to the terms of the offer (*Carleton* vs. *Ins. Co.* 109 Me. 83) and the acceptance must in some manner be communicated to the offerer.

"To constitute acceptance of such an offer there must be an expression of the intention by word, sign or writing communicated or delivered to the person making the offer or his agent." 6 R. C. L. 606 and cases cited. *Jenness* vs. *Iron Co.* 53 Me. 20.

Mrs. Tourtlott, the plaintiff made application for insurance to the York County Company. To prove acceptance the defendant shows that the York County Company wrote and executed a policy conforming to the plaintiff's application and sent it to the company's local agent at Bangor.

Undoubtedly an acceptance of an application for insurance may be proved without showing the issuance of a policy. In this case, however, the acceptance is proved, if at all, by the issuance and alleged delivery of a policy.

When as in this case the applicant for insurance and the company are in different towns, and a policy, conforming to an application, is deposited in the mail, postpaid, properly directed to the applicant, the contract is complete as of the time when the acceptance is so posted. 32 C. J. 1127. *Emerson* vs. *Proctor* 97 Me. 360.

If instead of being directed to the applicant, such acceptance is mailed to the company's own agent, the contract is complete at the time of mailing if so intended by the company and if it is sent to the agent as a mere medium of transmission to the insured.

Some authorities state this same principle in a different form. It is said that if the policy is sent to the Company's agent for "unconditional delivery" the contract is complete. If sent for delivery "upon the performance of conditions" the contract remains incomplete until delivery to the insured. 32 C. J. 1127 and cases cited. 14 R. C. L. 899 and cases cited.

We think that the true theory may be better stated.thus: If the policy is sent to the agent to deliver pursuant to a prior intended

acceptance by the company the contract is complete, whether the agent makes delivery to the applicant or not. If it is sent to the agent with authority to make delivery of it as and for an acceptance, the contract is incomplete until actual delivery to the offerer. The contract may be complete notwithstanding that the company or its agent retains the policy. But it cannot be so presumed.

. Turning to the evidence, we find ourselves quite in the dark as to the purpose of the company in sending the policy to its agent. The agent testifies that the policy was sent him to deliver, but whether to deliver it as an acceptance or in pursuance of a prior acceptance by the company does not appear.

The defendant sets up as a defence the plaintiff's violation of the conditions of her policy. It says that she did "make" other insurance, i. e. that she did enter into a completed contract of insurance with another company upon the same property. The burden is upon the defendant to prove this defence well founded. It has failed to sustain this burden.

*Exceptions overruled.*