MILWAUKEE MECHANICS' LUMBER COMPANY *v.* GIBSON.

4-5707                                      134 S. W. 2d 521

Opinion delivered December 18, 1939.

*Verne McMillen* and *James I. Teague,* for appellant.

*T. O. Abbott,* for appellee.

HUMPHREYS, J. On December 7, 1938, appellee brought suit in the municipal court in El Dorado against

appellant on a fire insurance policy on his household goods issued by it to him on February 5, 1937, for $250, the face of the policy together with interest at the rate of 6 per cent. per annum and for a 12 per cent penalty under the statute and a reasonable attorney's fee. He alleged that the policy was in full force and effect on the 12th day of September, 1937, at which time his household goods were destroyed by fire.

• Appellant filed an answer denying liability on the ground that the policy contained a clause which rendered it void in case appellee then had or should procure any other contract of insurance on his household goods in whole or in part without its consent, and that in violation of said provision appellee procured additional insurance in the sum of $200 from the North British & Mercantile Insurance Co.

Appellee recovered judgment against appellant for $138.89 from which appellant duly prosecuted an appeal to the second division of the circuit court of Union county where the case was tried under an agreed statement of facts, resulting in a judgment against appellant for $138.89, from which is this appeal.

The agreed statement of facts is as follows:

"On February 5, 1937, A. G. Gibson, colored, the plaintiff, (appellee) purchased from K. W. Bullion Insurance Service, a fire insurance local agency of El Dorado, Policy No. 122 of the Milwaukee Mechanics' Insurance Company. The policy is attached hereto and made a part hereof. The policy covers $250.00 on household goods belonging to the plaintiff (appellee) and located in the plaintiff's (appellee's) house at 524 E. & B. street in El Dorado.

"On March 26, 1937, A. G. Gibson, the plaintiff (appellee) purchased Policy No. FT68374 of the North British & Mercantile Insurance Company from Mr. Harvey McHenry of the United Insurance Agency, another local agency in El Dorado. This second policy covered $200 on the plaintiff's household goods at his home at 524 E. & B. Street in El Dorado.

"The plaintiff (appellee), A. G. Gibson, did not advise Mr. Bullion, who issued the Milwaukee Mechanics' policy, of the fact that he had purchased other insurance on his household goods. Neither did A. G. Gibson tell Mr. McHenry of the United Insurance Agency that he already had the Milwaukee Mechanics' policy.

"A fire occurred at 524 E. & B. Street on September 12, 1937, damaging the insured household goods. After the fire, Mr. Bullion first learned of the existence of the second policy in the North British & Mercantile Insurance Company. Mr. W. R. Smith, a special agent of the Milwaukee Mechanics' Insurance Company, visited A. G. Gibson and denied liability on the ground that the purchase of the North British & Mercantile policy avoided the Milwaukee Mechanics' policy. Mr. Smith, at the same time tendered to Gibson the sum of $3.00, the amount of the premium charged and collected on the Milwaukee Mechanics' policy, and the tender was refused. The defendant again renews the tender in this court.

"It is further stipulated that, if the court finds for the plaintiff (appellee) on the law, then the amount of damage the plaintiff (appellee) should recover is $138.89 with interest at 6 per cent. from November 12, 1937, but without penalty and attorney's fees.

"(Signed) T. O. Abbott,

"Attorney for the Plaintiff (Appellee)
James I. Teague,
"Attorney for the Defendant (Appellant)."

The policy relied upon as a basis of this suit was attached to the stipulation or agreement and contains the following clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The cause was submitted to the trial court sitting as a jury upon the pleadings and stipulation or agreement of facts and the appellant requested the court to make two declarations of law, the first declaration being granted and the second refused.

The first declaration of law is as follows:

"That the clause in the insurance policy which prohibits the purchase of other insurance by the insured, A. G. Gibson, without notice to the Milwaukee Mechanics' Insurance Company does not conflict with and is not inconsistent with the so-called pro-rata clause which provides for the manner in which the distribution of a loss shall be paid between two or more insurers on a single loss."

The second declaration of law is as follows:

"That A. G. Gibson by his purchase of another policy of fire insurance on the same property without notice to this defendant (appellant), the Milwaukee Mechanics' Insurance Company, has voided the policy sued on herein."

The rule in this state and practically all of the states is to the effect that a clause in a policy to the effect that the procurement of additional insurance without the consent of the insurer renders the policy void is a valid provision.

This court said in the case of *Planters' Mutual Insurance Company* v. *Green*, 72 Ark. 305, 80 S. W. 151, that (quoting syllabus 2): "Where a policy of insurance contains a clause avoiding the policy if insured procures additional insurance, the procurement of additional insurance without the insurer's consent avoids the policy."; and also said in the case of *Nabors* v. *Dixie Mutual Fire Insurance Co.*, 84 Ark. 184, 105 S. W. 92, that (quoting syllabus 2): "Where a policy of fire insurance contains a clause avoiding the policy if insured procures additional insurance, the procurement of such additional insurance without the insurer's consent avoids the policy."

Appellee contends, however, that while he does not question the general rule the so-called pro-rata clause which provides for the manner in which the distribution of a loss shall be paid between two or more insurers on a single loss, amounts to the consent of the insurer that the insured may procure additional insurance without avoiding the policy. We do not think so, because the pro-rata clause and other similar clauses referred to by appellee as riders were a part of the policy and not mere additions to it. When the whole policy is read together the meaning is that the clause prohibiting the procurement of additional insurance renders the policy void unless the insurer consents to the procurement of additional insurance. We so no inconsistency between the clauses in the policy when they are read together and construed as stated above. Any other construction of the meaning of the riders would render the clause prohibiting the procurement of additional insurance without the consent of the insurer void and of no effect.

The court should have granted appellant's declaration of law number 2 and rendered judgment dismissing the complaint of appellee.

On account of the error indicated the judgment is reversed and the cause is dismissed.