ROACH *v.* ARKANSAS FARMERS MUTUAL FIRE INSURANCE COMPANY.

4-8990                                               224 S. W. 2d 48

Opinion delivered November 14, 1949.

*Charles L. Farish,* for appellant.

*Thad Tisdale* and *D. D. Panich,* for appellee.

LEFLAR, J. Plaintiff Roach brought this action to recover on a policy of fire insurance issued by defendant Company on a house and furnishings owned by

plaintiff. Defendant denied liability on the ground of plaintiff's breach of certain clauses in the policy, and particularly a clause which provided that the Company should "not be liable for loss occurring . . . (d) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." At the trial a jury was impanelled and evidence heard, but at the close of the evidence, after argument in chambers, the Circuit Judge instructed the jury to return a verdict for the defendant. The Judge based this instruction upon plaintiff's violation of the clause just quoted, and for the record stated: "The uncontradicted testimony as the Court heard [it] is to the effect that a policy of insurance was issued by the Southern Farmers Mutual Insurance Company, which was the third policy of insurance issued on this identical property of plaintiff, which was issued without notice or consent of the [defendant] Company, and for that reason under the provisions of the policy, as the Court interprets it, would have voided any liability as far as the [defendant] Company is concerned."

Plaintiff's own testimony showed, without contradiction, that he had originally taken out a $3,000 policy with the Massachusetts Fire & Marine Insurance Company on his house and furnishings. Then he took out the present policy for $3,000 with defendant Company, defendant having knowledge of the earlier policy with the Massachusetts Company. Thereafter, unknown to defendant, plaintiff took out a third policy on the house, for $2,000, with the Southern Farmers Mutual Insurance Company. Defendant did not learn of this third policy, bringing the total insurance up to $8,000 on a house and furnishings worth according to the most liberal testimony about $8,800, until after a fire which totally destroyed the insured property. Defendant subsequently denied liability under its policy.

After the fire, representatives of all three companies told plaintiff that he was overinsured. Agents of the Massachusetts Company and the Southern Farmers Company told him that if he would agree to a re-

duction of his total coverage from $8,000 to $5,000 they would pay off their proportionate shares of the smaller total. This he agreed to, and settlements were made accordingly. It is possible that he expected defendant Company to agree to the same arrangement, but he does not now contend that defendant did so agree, and there is no evidence in the record of any such agreement by defendant nor of any conduct which would subject defendant to the agreement.

The policy clause quoted above, upon which the Circuit Judge based the judgment appealed from, is valid. In *Milwaukee Mechanics' Lumber Co.* v. *Gibson,* 199 Ark. 542, 134 S. W. 2d 521, a substantially identical clause was sustained and enforced, the court saying: ''The rule in this state and practically all of the states is to the effect that a clause in a policy to the effect that the procurement of additional insurance without the consent of the insurer renders the policy void is a valid provision.'' The earlier cases of *Planters Mutual Insurance Co.* v. *Green,* 72 Ark. 305, 80 S. W. 151, and *Nabors* v. *Dixie Mutual Fire Insurance Co.,* 84 Ark. 184, 105 S. W. 92, are to the same effect. And see *Vance,* Insurance (2nd Ed.) 725. The plaintiff did not deny that he had violated this clause. The evidence was clear that he had violated it, and there was no evidence that he had not violated it. In this state of the evidence the Circuit Judge was justified in directing a verdict for the defendant.

The plaintiff also asserts that the Circuit Court committed error in not entering judgment for plaintiff by default on the first day of the March, 1949, term of court. He alleges an agreement that defendant's answer would be filed by that date so that the case could proceed to trial during the term. The answer was not filed until the next day, and the Court thereafter overruled plaintiff's motion for judgment by default. The case was then set for trial on a later day in the term, on which day it was tried. There was no error in this. ''It is discretionary with the court to allow or reject a belated answer. It will be presumed that reasons satisfactory to the trial court were shown for the delay.''

*Blauvelt* v. *Blauvelt,* 199 Ark. 710, 714, 136 S. W. 2d 201, 203.

The judgment of the Circuit Court is affirmed.