BAKER *v.* KANSAS CITY FIRE & MARINE INSURANCE COMPANY.

5-1089                              300 S. W. 2d 264

Opinion delivered March 18, 1957.

[Rehearing denied April 22, 1957]

*Rhine & Rhine* and *John C. Watkins,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an action on an insurance policy. The appellants, Emile Baker, H. L. Houston, and First National Bank of Paragould, were the plaintiffs in the court below and filed this action against the appellee to recover $2,214.35 and penalty, interest and attorney fees. From a judgment in favor of the appellants for only $885.74 they prosecute this appeal. .

The facts are somewhat complicated. On May 29, 1952 Emile Baker and Jim Miller (hereinafter referred to merely as "Baker" and "Miller") purchased a rice combine machine from H. L. Houston, a dealer in Paragould. As a part of the consideration, Baker and Miller executed to Houston a title retaining note for $3,600, one-half of such amount being due December 1, 1952, and the balance due December 1, 1953. As a part of the purchase agreement, Baker and Miller agreed that, until the entire obligation should be paid, the rice combine machine would be insured against fire, with loss payable clauses to Houston and his transferee; and Houston promptly endorsed the note, apparently with recourse, to the First National Bank of Paragould (hereinafter called "Bank"). The appellee, Kansas City Fire & Marine Insurance Company (hereinafter called "Kansas City Company") issued its policy for $4,000, dated May 29, 1952, insuring the said rice combine machine against fire, naming Baker and Miller as the assureds, with loss payable clauses to Houston and the Bank, as their respective interests might appear. This policy

was for one year and was held by the Bank, along with the note.

Baker and Miller used the rice combine machine in their farming operations in 1952. In January, 1953, Baker delivered the machine to Miller and attempted to orally transfer his interest or equity to Miller; but Houston and the Bank refused to release Baker from liability to them. Miller moved the rice combine machine to Mississippi County, and on April 13, 1953 he paid the Bank $1,000 on the $3,600 note. On May 29, 1953 the Bank and Houston obtained a renewal of the fire insurance policy from the Kansas City Company, with exactly the same provisions as the first policy. The new policy was also held by the Bank.

Without the knowledge of Houston or the Bank or Baker, Miller, on June 15, 1953, applied for and received a fire insurance policy for $6,000 on the same rice combine machine, which policy was issued by the Consolidated underwriters of the South Carolina Insurance Company (hereinafter called ''Consolidated Underwriters''). This policy named only James Miller as the assured, and had no loss payable clause to anyone. None of the appellants knew of the Consolidated Underwriters' policy until after the fire of November 25, 1953.

In the fall of 1953 Miller went to Michigan; and on November 25, 1953 the said rice combine machine, while stored on a farm in Osceola, Arkansas, was damaged by fire of an undetermined origin. Houston and the Bank promptly notified the Kansas City Company of the fire; and later had an estimate made of the damage, which was shown at $2,214.53, for which amount Baker joined them in filing this suit.

For defense, the Kansas City Company claimed, *inter alia,* that it was only liable for 40% of the total damage, since the Consolidated Underwriters had issued a policy for $6,000 on the rice combine machine. The answer says: ''By reason of said double insurance, therefore, this defendant's maximum liability to the insureds and any loss payee under said policy would not exceed

40% of the whole loss and damage sustained in the fire of November 25, 1953.[1]"

The Kansas City Company named Miller as a cross-defendant and he was served with non-resident process and defaulted. The Kansas City Company did not bring in the Consolidated Underwriters as a party to this case, but attempted to defend on the basis that there was a valid outstanding policy issued by the Consolidated Underwriters and that the effect of the two policies was to make the double insurance.

The cause was tried by the Circuit Court without a jury; and the Court found that at the time of the fire the rice combine machine was insured by both the Kansas City Company and the Consolidated Underwriters; that both policies were in full force and effect for the total sum of $10,000; and that both policies were "valid and collectible insurance." The Court also found that the total damage to the rice combine machine was $2,214.35; and that the appellants were entitled to recover from the Kansas City Company only 40% of said damage, or $885.74.

Baker, Houston, and the Bank have appealed, making two points, the first of which is: "That the Court's finding, that the policy . . . issued by the Consolidated Underwriters of South Carolina Insurance Company was valid and collectible insurance with regard to these plaintiffs, was error." There are other issues in

---

[1] The answer of the Kansas City Company pleaded this provision in its policy: "This Company shall be liable in event of loss for no greater proportion thereof than the amount hereby insured bears to 100% of the actual cash value of the property insured hereunder at the time such loss shall happen." It was shown that each policy (that is, the Kansas City policy and the Consolidated Underwriters policy) had identical clauses reading: "This Company shall not be liable for loss if, at the time of loss or damage, there is any other valid and collectible insurance which would attach if this insurance had not been effected, except that this insurance shall apply only as excess and in no event as contributing insurance, and then only after all such other insurance has been exhausted." Since the clauses were identical, the Kansas City Company has conceded that the effect of these clauses in both policies was the same as *double insurance*. The effect of this concession will be discussed in this opinion. This clause differentiates the case at bar from such cases as *Planters Mutual Ins. Co.* v. *Green*, 72 Ark. 305. 80 S. W. 151; and *Roach* v. *Arkansas Farmers Mutual Fire Ins. Co.*, 216 Ark. 61, 224 S. W. 2d 48.

the case that we need not discuss, because we reach the conclusion that the judgment should be reversed and the cause remanded.

The Kansas City Company defended on the basis that there was ". . . other valid and collectible insurance." The burden was on the Kansas City Company to prove that, *as regards the plaintiffs,* there was outstanding a valid and collectible policy issued by the Consolidated Underwriters. The Kansas City Company also proved that the Consolidated Underwriters had issued a policy to Jim Miller. The evidence did not show that Houston and the Bank and Miller could have brought action and collected on that policy. In the case of *Langford* v. *Searcy College,* 73 Ark. 211, 83 S. W. 994, a policy of insurance had been issued to an original owner, who had sold the property. The purchaser of the property brought suit to recover on the policy of insurance. This Court, speaking through Judge Battle, held that a policy issued to the vendor could not be sued on by the purchaser, saying: "The contract of insurance was a personal contract . . . It did not run with the title to the property . . ." So the contract of insurance between the Consolidated Underwriters and Jim Miller did not automatically inure to the benefit of Houston and the Bank and Baker, who are the plaintiffs. The Kansas City Company never showed that the plaintiffs could have recovered on the $6,000 policy issued by the Kansas City Company. The fact that the Consolidated Underwriters had issued its draft for $603.08 merely shows an effort to compromise for a small amount.[2] It did not show a clear admission of liability. The Kansas City Company alleged the affirmative defense that there was other valid and collectible insurance; and the burden was on the Kansas City Company to sustain that allegation.[3] If the Con-

---

[2] This draft was payable to Jim Miller, First National Bank and Lee Wilson & Company. The Vice President of the Bank testified that he never saw the draft until it was exhibited to him while he was on the witness stand.

[3] Some cases holding that the burden of proving "other insurance" is on the defendant are: *St. Paul Fire & Marine Ins. Co.* v. *Westmoreland,* 130 Tex. 65, 105 S. W. 2d 203; *De Shields* v. *Ins. Co. of N. America,* 125 S. C. 457, 118 S. E. 817; and *Tourtlott* v. *West Bangor, etc.,* 126 Me. 118, 136 A. 481.

solidated Underwriters had been brought into the litigation, any number of defenses might have been pleaded and proved to avoid full liability.

Therefore, we conclude that the Trial Court was in error in holding that the Kansas City Company was liable for only a *pro rata* part of the loss. The judgment is reversed and the cause is remanded for a new trial; and upon remand the Consolidated Underwriters may be brought in and the issues litigated with all possible parties before the Court.