ARK. GRAIN CORP. *v.* LLOYD's

5-3867                                         402 S. W. 2d 118

Opinion delivered May 2, 1966

*Macom & Moorhead, Heineke, Conklin & Schrader,* Chicago, Ill., for appellant.

*Wright, Lindsey & Jennings,* for appellee.

ED. F McFADDIN, Justice. This case necessitates a decision as to liability between two insurance policies, one having a "pro rata" clause, and the other having an "excess" clause. While the case is styled, Arkansas Grain Corporation against Certain Underwriters at Lloyd's, London, the real parties in interest are the Grain Dealers Mutual Insurance Company (hereinafter called "Grain Dealers"), as appellant, and Certain Underwriters at Lloyd's, London (hereinafter called "Lloyd's"), as appellee. Grain Dealers prosecutes the appeal under an instrument which, for all practical purposes, amounts to a subrogation from Arkansas Grain Corporation.

Arkansas Grain Corporation was constructing a grain elevator at Helena, Arkansas; and on May 13, 1963, obtained an insurance policy from Lloyd's with a coverage of $5 million. The premium was $8,000.00. This policy was an all-risk builders' policy. While a part of the grain elevator was still under construction, Arkansas Grain Corporation desired to use that portion of the building which was completed; and, for a premium of $3,183.00, on July 31, 1963, purchased an insurance policy from Grain Dealers having $2,800,000.00 coverage and insuring the building and machinery of Arkansas Grain Corporation against loss or damage by reason of fire, windstorm, or hail. On October 28, 1963, the grain elevator was damaged by fire in the amount of $147,-802.23.

Arkansas Grain Corporation gave notice of the loss to both Lloyd's and Grain Dealers; and Lloyd's denied liability because of the Grain Dealers policy. Grain Dealers advanced Arkansas Grain Corporation the amount of the loss under a Loan Receipt Agreement, which, for all practical purposes, was a subrogation agreement.[1] Accordingly, Grain Dealers, using the name

[1]Said Loan Receipt Agreement read:
"KNOW ALL MEN BY THESE PRESENTS:
"WHEREAS, ARKANSAS GRAIN CORPORATION suffered a loss

of Arkansas Grain Corporation, prosecuted this action against Lloyd's for a pro rata contribution of the loss. Lloyd's denied liability because its policy contained an "excess insurance clause" reading as follows:

"Other Insurance. This policy does not cover any

as the result of a fire at Helena, Arkansas, on October 23, 1963; and "WHEREAS, GRAIN DEALERS MUTUAL INSURANCE COMPANY has agreed to loan said ARKANSAS GRAIN COR-PORATION the sum of One Hundred Forty-seven Thousand Eight Hundred Two Dollars and Twenty-three Cents ($147,802.23);

"NOW, THEREFORE, said ARKANSAS GRAIN CORPORATION does hereby acknowledge receipt of One Hundred Forty-seven Thousand Eight Hundred Two Dollars and Twenty-three Cents ($147,802.23) from said GRAIN DEALERS MUTUAL INSUR-ANCE COMPANY and agrees to repay the same on the following conditions:

"Said loan shall be repayable, without interest, only in the event and to the extent of any recovery the undersigned may make as a result of litigation commenced in the Circuit Court of Arkansas County, Arkansas Northern District, on the 19th day of May, 1964, under the caption, 'Arkansas Grain Corporation, plaintiff, vs. Certain Underwriters at Lloyd's, London, defendants,' to which cause was assigned No. 3754, whether such recovery is by settlement or through final determination of the litigation. It is further agreed that said GRAIN DEALERS MUTUAL INSURANCE COMPANY shall have the direction and control of said litigation on condition that the same shall be without pecuniary loss or expense to the undersigned, and that the undersigned shall not be obligated to re-pay said loan or any part thereof unless and until payment is actually received. The undersigned covenants that no settlement has been made by the undersigned with those Certain Underwriters Subscribing Policy KX 661102 CB, either directly or through Brown & Hawley, Inc., and no release has been given to them, and that no such settlement will be made nor release given, without the consent of said GRAIN DEALERS MUTUAL INSURANCE COMPANY; and the undersigned covenants and agrees to co-operate fully with said GRAIN DEALERS MUTUAL INSURANCE COMPANY in the presentation of the claim and the prosecution of the litigation here-inabove referred to or any other and necessary litigation instigated at the direction of counsel handling this matter for GRAIN DEAL-ERS MUTUAL INSURANCE COMPANY, subject to the conditions herein set forth.

"Dated, at Stuttgart, Arkansas, this 21st day of July, 1964.

"ATTEST                    "ARKANSAS GRAIN CORPORATION

/s/ Leland L. Carle            By /s/ L. C. Carter, Executive

Secretary-Treasurer       Vice President and General Manager."

loss or damage which at the time of the happening of such loss or damage is insured by or would but or the existence of this policy be insured by any other policy or policies, except in respect of any excess beyond the amount which would have been payable under such other policy or policies had this insurance not been effected.''

Grain Dealers' policy had a ''pro rata clause'' reading as follows:

''This company shall not be liable for any greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.''

The only question for decision is the determination of the effect of the excess clause of Lloyd's, as against the pro rata clause of Grain Dealers. The Trial Court held that Lloyd's was not liable because its insurance was only excess insurance; and Grain Dealers brings this appeal, claiming that the repugnancy between the two clauses previously copied makes Lloyd's liable on a pro rata basis. Some insurance companies, such as Grain Dealers, use a ''pro rata clause''; some insurance companies, such as Lloyd's, use an ''excess clause''; and a third form of policy contains the ''escape clause,'' which latter states that the insurance company issuing the policy will not be liable if the insured has, or thereafter obtains, any other insurance on the property. The three clauses—pro rata, excess, and escape—have been discussed in many, many cases.[2]

We have repeatedly upheld the escape clause as valid. In *Planters' Mutual Ins. Co.* v. *Green,* 72 Ark. 305, 80 S. W. 151, the clause read: ''This entire policy, unless otherwise provided by agreement endorsed there-

[2]General statements as to the three types of clauses may be found in Am. Jur. Vol. 29A, page 294 *et seq.,* ''Insurance'' § 1715 and § 1716.

on or attached hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; . . . '' We held the clause was valid. Likewise, in *Nabors* v. *Dixie Mutual Fire Ins. Co.,* 84 Ark. 184, 105 S. W. 92, the policy did not permit additional concurrent insurance, and we said: ''Where a policy of insurance contains a clause avoiding the policy if insured procures additional insurance, the procurement of additional insurance without the insurer's consent avoids the policy. *Planters' Mutual Ins. Co.* v. *Green,* 72 Ark. 305.'' To the same effect see *Milwaukee* v. *Gibson,* 199 Ark. 542, 134 S. W. 2d 521; *Roach* v. *Arkansas Farmers Co.,* 216 Ark. 61, 224 S. W. 2d 48; and *Agricultural Ins. Co.* v. *Ark. P. & L.,* 235 Ark. 445, 361 S. W. 2d 6.

In the case now before us, we have in Lloyd's policy an excess clause; that is, the policy provided that until the insured sustained a loss in excess of the coverage of the other insurance policy, Lloyd's would not be liable in any amount; or, stated otherwise, Lloyd's would be liable under its policy for coverage only in excess of the coverage of any other policy. Thus, Arkansas Grain Corporation was not prohibited from obtaining other insurance; but, in such an event, Lloyd's became liable only for the excess of loss over the coverage of the other policy.

Appellant wants us to follow what is called the Oregon Rule, as contained in such cases as *Ore. Auto. Ins. Co.* v. *U. S. Fidelity & Guaranty Co.* (9th Cir. 1952), 195 F. 2d 958; *Lamb-Weston Inc.* v. *Ore. Auto. Ins. Co.* (1959), 219 Ore. 110, 341 P. 2d 110; *Continental Cas. Co.* v. *General Accident Corp.* (Dist. Ct. Ore. 1959), 175 F. Supp. 713, aff'd. (9th Cir. 1961) 287 F. 2d 464; and *Globe Indemnity Co.* v. *Capital Ins. Co.* (Dist. Ct. of Guam 1964), 228 F. Supp. 494. The Oregon Rule, simply stated, is that when one policy contains an excess clause and the other policy contains a pro rata clause, then both companies are liable on a pro rata basis.

Opposed to the Oregon Rule there is the so-called Majority Rule, upheld in many jurisdictions, which is that when one policy contains a pro rate clause and the other policy contains an excess clause, then the excess clause governs on its policy, and the company having the excess clause is not liable until the company having the pro rata clause has paid to the extent of its policy. There is an annotation in 76 A.L.R. 2d 502, entitled: "Apportionment of liability between automobile liability insurers where one of the policies has an 'excess insurance' clause and the other a 'proportionate' or 'pro rata' clause." While the annotation deals principally with automobile liability insurance, it was conceded by both sides in the oral argument in the case at bar that the rule governing automobile insurance cases would apply likewise to the kind of insurance policies that we have now before us.

A carefully considered opinion is that in *Citizens Mutual Ins.* v. *Liberty Mutual Ins. Co.* (6th Cir. 1959), 273 F. 2d 189. In that case one policy had a pro rata clause and the other had an excess clause; and the Court held that the policy having the excess clause was not liable until the limits of the pro rata policy were exhausted. The opinion of the Court lists the cases following the Majority Rule, as well as those following the Oregon Rule; and this reference to that opinion makes it unnecessary for us to list all such cases here. The Court said of the Majority Rule:

> "The foregoing authorities represent the overwhelming majority view that when an excess clause in one automobile insurance policy conflicts with another 'other insurance' clause, and more particularly a 'pro rata clause', in a second policy, the excess clause controls and is to be given its full effect."

Our cases on the escape clause, as previously listed, by necessary logic commit us to the Majority Rule; that is, there was no liability under the excess policy issued

by Lloyd's until Arkansas Grain Corporation had a loss in excess of its policy with Grain Dealers. The Grain Dealers policy was for $2,800,000.00: the loss here was $147,802.23; so Lloyd's was not liable to Arkansas Grain Corporation on the loss here involved.

Affirmed.

AMSLER and BLAND, JJ., not participating.