ST. PAUL REINSURANCE, INC. *v.* Cheryl Irons
GLOVER

CA 00–433                                                   34 S.W.3d 760

Court of Appeals of Arkansas
Division I
Opinion delivered December 13, 2000

*Matthews, Sanders, Liles & Sayes,* by: *Marci Talbot Liles* and *Roy Cene Sanders,* for appellant.

*Thomas D. Deen* and *Bill R. Holloway,* for appellee.

OLLY NEAL, Judge. This appeal presents our court with the following issue of first impression: whether the Arkansas valued–policy statute, codified at Arkansas Code Annotated § 23-88-101 (Repl. 1999), allows a single insured to recover the face value of two separate insurance policies when there has been a total loss to the covered real property.

The parties have stipulated to the facts relevant to this determination. Cheryl Irons owned a bar and grill in Arkansas City, Arkansas. Effective June 26, 1995, Ms. Irons insured the building in the amount of $105,000.00 and the building's contents in the amount of $25,000.00 with St. Paul Reinsurance Company ("St. Paul"). Effective July 12, 1995, Ms. Irons also insured the building in the amount of $80,000.00 with General Star Indemnity Company ("General Star").

Each of the policies contains identical other-insurance clauses. The other-insurance clauses provide:

### OTHER INSURANCE

1. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance Under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.

2. If there is other insurance covering the same loss or damage, other than that described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

On October 25, 1995, Irons's business was totally destroyed by an arson fire. No arrests were ever made with respect to the fire. After the fire, Irons sought payment from both St. Paul and General Star. Both companies claimed that their other-insurance clauses applied and initially paid pro-rata shares of the larger of the two policies. General Star paid $45,405.41 and St. Paul paid $59,594.59 for a total payout of $105,000. In 1997, Irons filed a lawsuit against General Star alleging that General Star owed her the remaining balance of the face value of its policy because of the valued-policy statute. In December 1998, the Desha County Circuit Court granted Irons's motion for summary judgment, ruling that General Star had to pay Irons the balance of the face amount of its policy. General Star did not appeal that ruling.

In 1999, Irons filed the instant action against St. Paul in the Desha County Circuit Court alleging that St. Paul owed the balance of its policy pursuant to the valued-policy statute. The trial court granted Irons's motion for summary judgment, ruling that the existence of other insurance is not relevant to the application of the valued-policy statute and ordering St. Paul to pay the balance of the face amount of its policy. From that ruling comes this appeal.

■ The standard of review in summary-judgment cases is whether the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party

left a material question of fact unanswered; further, the moving party always bears the burden of sustaining a motion for summary judgment; all proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party; the moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56; *Youngman v. State Farm Mut. Auto. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998).

The Arkansas valued-policy statute provides:

> In case of a total loss by fire or natural disaster of the property insured, a property insurance policy other than for flood and earthquake insurance shall be held and considered to be a liquidated demand against the company taking the risk for the full amount stated in the policy for the full amount upon which the company charges, collects, or receives a premium.

Ark. Code Ann. § 23-88-101(a).

■ Our courts have consistently held that the valued-policy statute becomes a part of every insurance policy on real estate as if it were actually written in the policy and that it cannot be evaded by contrary policy stipulations. *See Thurston Nat'l Ins. Co. v. Dowling*, 259 Ark. 597, 535 S.W.2d 63 (1976); *Tedford v. Security State Fire Ins. Co.*, 224 Ark. 1047, 278 S.W.2d 89 (1955); *E. O. Barnett Bros. v. Western Assurance Co.*, 143 Ark. 358, 220 S.W. 465 (1920). In *Tedford*, our supreme court stated that the purpose of the valued-policy statute is "to relieve the insured from the burden of proving the value of his property after its total destruction, and to prevent insurance companies from receiving premiums on overvaluations, and thereafter repudiating their contracts as soon as it becomes in their interest to do so." 224 Ark. at 1050, 278 S.W.2d at 91.

Although our courts have considered the effect of the valued-policy law on numerous occasions, our state courts have never considered a situation in which an insured has obtained more than one policy covering the same property interest. In such a situation, the United States District Court for the Western District of Arkansas ruled that although the Arkansas Supreme Court had not addressed the issue, it did not believe the supreme court would

allow an insured to hide behind the valued-policy statute and obtain what would amount to a double recovery. *See Underwriters at Lloyd's v. Pike*, 812 F. Supp. 146 (W.D. Ark. 1993).

In *Pike*, Farmers Mutual Insurance Company ("FMIC") issued a policy in the amount of $60,000 covering two poultry houses and their contents. One year after Pike obtained coverage from FMIC, he obtained a second policy from Lloyd's of London ("Lloyd's") covering the identical property in the amount of $102,000. One month after Lloyd's provided the second policy, a fire totally destroyed the covered property. After discussing the Arkansas valued-policy statute and cases interpreting its effect, the *Pike* court stated:

> In spite of what those cases say, the court notes from a careful reading of them that they are not on point because none of them involve the insuring with more than one policy one insurable interest by one insured. Instead, in each of those cases, the property owner or one of several property owners, had insured his or her insurable interest in the property and had obtained an insurance policy to cover that interest, and then another individual or entity with a separate insurable interest had also obtained a policy of insurance insuring that different interest. In spite of the all-inclusive language of those cases, this court doubts that the Arkansas Supreme Court, when squarely faced with this issue, would allow what is clearly and blatantly a double recovery of the loss of one insurable interest. To do so would be to allow something akin to a lottery or wager. One property owner with one insurable interest could obtain multiple policies insuring the property at its full value and then wait for (and perhaps hope for) a fire, with all of the attendant temptation to "help the odds."

812 F. Supp. at 150.

Appellant urges that the instant action is identical to *Pike* and that we, like the district court, should not allow Irons a double recovery on one insurable interest. Appellant also cites the federal Wisconsin case, *Wisconsin Screw Co. v. Detroit Fire & Marine Ins. Co.*, 183 F. Supp. 183 (E.D. Wis. 1960). In *Wisconsin Screw Co.*, the plaintiff obtained two different insurance policies for $15,000 each covering the same piece of property. The property covered by the policies was subsequently destroyed by fire, and the value of the warehouse at the time of destruction was $12,264.00. The insured sought to recover a total of $30,000, arguing, as does the insured in

the instant case, that the valued–policy statute required such an outcome. The court ruled that the insured's recovery is limited to the actual loss suffered. The court's decision, however, was based on a Wisconsin statute that provided that when property is covered by more than one policy, the insured is never entitled to recover a sum greater than his actual loss and that the insurers are responsible for their proportionate share of the loss. *See* Wis. Stat. § 203.11 (repealed 1975). The court also noted that absent that statute, the insured would have been entitled to recover the face value of both policies without regard to her actual loss. *See Wisconsin Screw Co*, 183 F. Supp. at 186 (citing *Oshkosh Gas Light Co. v. Germania Fire Ins. Co.*, 37 N.W. 819 (1888)).

■ At least one other jurisdiction has considered the issue presented in the instant action. *See Millers Mut. Ins. Ass'n v. LaPota*, 197 So.2d 21 (Fla. 1967). In *LaPota*, the plaintiff had two separate insurance policies on a residential building. The policy with Millers Mutual Insurance Association ("Millers Mutual") was for $5,000 and the second policy with a second insurance company was for $6,500. Millers Mutual claimed that a pro rata liability clause in its policy limited its share of the loss to $2,473.91. The court invalidated the pro rata clause and held that the valued–policy statute was fully applicable to an insured with two policies covering his interests. The court stated:

> This is not an unfair scheme, as the insured is stating the limits of his recovery and at the same time the insurer is basing his premium charges on the extent of his maximum exposure. When the total loss occurs neither can contend the value of the destroyed property is any different from what they had previously specified. When multiple policies are permissible, as here, the same principles apply. The aggregate liability is the total of the various values specified and for which an appropriate premium has been paid.

197 So.2d at 24. We think the Florida court properly interpreted the effect of the valued–policy statute.

Appellant contends that such a conclusion is unfair and that allowing Ms. Irons to recover the face amount of both policies is to approve something akin to a lottery or wager. What, asks appellant, would happen if she obtained three or four policies on the property? We recognize, as did our supreme court in *Tedford, supra*, that our law appears to give legal sanction to a wagering contract.

However, the policy of such a law is for the legislature and not for the courts. *Tedford*, 224 Ark. at 151, 278 S.W.2d at 91.

Appellant is not without means of protecting itself from what it considers to be an unfair result. For instance, the insurer could insert language that voids the policy if the insured obtains other insurance. *See, e.g., Roach v. Arkansas Farmers Mut. Fire Ins. Co.*, 216 Ark. 61, 224 S.W.2d 48 (1949) (holding that provisions invalidating insurance policies if the insured obtains additional insurance without the insurer's consent are valid). *See also Arkansas Grain Corp. v. Lloyd's*, 240 Ark. 750, 402 S.W.2d 118 (1966). The insurer may also limit the amount of concurrent insurance the insured may obtain. *See Western Assurance Co. v. White*, 171 Ark. 733, 286 S.W. 804 (1926).

■ From all the foregoing, it is our view that *Underwriters at Lloyd's v. Pike, supra,* does not give a correct interpretation of the valued-policy statute and that the trial court was correct in entering summary judgment in favor of the insured.

Affirmed.

ROBBINS, C.J., and HART, J., agree.