FARMERS' HOME MUTUAL FIRE ASSOCIATION v. McALISTER.

## Opinion delivered June 28, 1926.

1. INSURANCE—FIRE POLICY—LOSS RECOVERABLE.—Under Crawford & Moses' Dig., § 6147, making the full amount of the insurance named in a fire insurance policy payable in the event of a total loss, an instruction, in an action on a fire policy for the total loss of a barn, to return a verdict for insured for the value of the barn, as fixed in the policy, held proper.

2. INSURANCE—VALUED FIRE POLICY—STIPULATION AS TO AMOUNT PAYABLE.—A stipulation in a valued fire policy, limiting the insurance to two-thirds of the actual value of the property, held void as conflicting with Crawford & Moses' Dig., § 6147, making the full amount of the policy payable in the event of total loss.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; affirmed.

STATEMENT BY THE COURT.

Leo McAlister sued the Farmers' Home Mutual Fire Association to recover the sum of $600 alleged to be due on a fire insurance policy on his barn and its contents. In the policy the barn was valued at $500, and the grain, corn and other feed in the barn were valued at $100. The policy contains a clause that no property, real or personal, shall be insured by the company for more than two-thirds of its actual value. The barn and its contents were totally destroyed by fire without any fault on the part of the insured.

The jury returned a verdict in favor of the plaintiff for the sum of $500 as the value of the barn.

The case is here on appeal.

*Joe D. Shepherd,* for appellant.

HART, J., (after stating the facts). The principal ground relied upon for a reversal of the judgment is that the court instructed the jury that its verdict should be for the plaintiff for the value of the barn as fixed in the policy. This instruction is in accordance with § 6147 of Crawford & Moses' Digest, which makes the full amount of the insurance named in the policy payable in the event of a total loss, and limiting the recovery to that amount.

Statutes of this sort are commonly called valued policy laws, and have been sustained by this court and by the Supreme Court of the United States. *Minneapolis Fire & Marine Mutual Ins. Co.* v. *Fultz,* 72 Ark. 365, 80 S. W. 576; *American Central Ins. Co.* v. *Noe,* 75 Ark. 406, 88 S. W. 572; *National Union Fire Ins. Co.* v. *Kent,* 163 Ark. 7, 259 S. W. 570; *Liverpool & London & Globe Ins. Co., Ltd.* v. *Payton,* 128 Ark. 528, 194 S. W. 503; and *Orient Insurance Co.* v. *Daggs,* 172 U. S. 557, 19 S. Ct. 281.

The contention of the insurance company in this case is that this statute does not apply, because the policy contains a provision that no property, either real or personal, shall be insured by the association for more than two-thirds of its actual value, and that the proof shows that this was done in the present case.

Counsel for the insurance company, in making this contention, have not taken into consideration the Payton case cited above, in which it was expressly held that a stipulation of the policy in conflict with the terms of the statute is void. Statutes of this sort are passed for the purpose of avoiding the uncertainty of determining the value after the fire. The manifest policy of the statute is to guard against over-insurance of the property. The agents of the company have the opportunity to inspect the property fully before taking the insurance and fixing the amount of the premiums. It is the valuation fixed in advance by the parties by way of liquidated damages in case of a total loss by fire of the property insured without the fault of the insurer.

No errors of law appear in the record, and the judgment of the circuit court will therefore be affirmed.