FARMERS UNION MUTUAL INSURANCE COMPANY *v.* JORDAN.

4-5967                                      140 S. W. 2d 430

Opinion delivered May 20, 1940.

*J. H. Carmichael, Jr.,* for appellant.

*Bob Bailey,* for appellee.

SMITH, J.  This is a suit on a fire insurance policy issued to appellee by appellant insurance company. A verdict was directed in favor of the appellee, and from the judgment thereon is this appeal.

The building insured was a frame residence, and as it was totally destroyed by fire no question arises as to its value. Section 7720, Pope's Digest.

The sufficiency of process served upon the defendant is argued, but this question was not raised until after an answer and cross-complaint had been filed. When this was done the appearance of the defendant was entered regardless of the service.

The sufficiency of the testimony to support the verdict is questioned. It appears that after breakfast had been served appellee filled the kitchen stove with wood to cook a ham bone, and went out to the farm to look after some laborers. This may have been negligence; but many, if not most, fires are of negligent origin, and the policy did not exempt the insurance company from liability for a fire of negligent origin. *Beavers* v. *Security Mutual Ins. Co.*, 76 Ark. 595, 90 S. W. 13, 6 Ann. Cas. 585.

There is no contention that the fire was of incendiary origin, although there was testimony that appellee's automobile was not parked at the time of the fire where it was usually parked, at which place it would have been exposed to the fire. This was explained by showing that the usual parking place was muddy and the car had been placed in a dry spot.

Some of the laborers discovered the house was afire, and gave the alarm, whereupon all the men working near the house ran to it. One of these, a Negro, got a bucket of water, which appellee told him to put down and to save what he could of the contents of the building. The testimony is to the undisputed effect that the fire had gained such headway that it was impossible to extinguish it with the small water buckets available. Appellee and the colored man ran upstairs, where the colored man opened an attic door, but closed it when the flames blew through it. The attic door was closed and no attempt was made to extinguish the fire. Only a small portion of the household effects was saved.

This testimony presents no issue for the jury's decision whether appellee, acting as an ordinarily prudent

man would have done, could and should have extinguished the fire. The owner would have no more right to collect insurance on a building which he wilfully allowed to burn by refusing to extinguish the blaze or flame which endangered the building than he would have to recover for the burning of a building which he had intentionally set afire. It is true the jury was not allowed to pass upon this question, as the verdict in favor of the plaintiff was returned under the direction of the court; but it is inconceivable that any fair-minded and reasonably intelligent jury could have returned any other verdict under the testimony in this case. Even though it were true—and we think it is not—that the jury might have found that appellee was mistaken in his conclusion that the building could not be saved, this would be no defense unless it was also shown that appellee had wilfully refused to extinguish the fire when, by reasonable effort, he might have saved the building and its contents as well. Any verdict except that directed by the court would have been arbitrary as being unsupported by competent testimony, which we would be required to reverse had the trial court not done so.

After the rendition of the judgment a motion to vacate it was filed. This motion raised the question of the sufficiency of the service of process, and alleged also that the fact had been discovered since the trial that appellee was not the owner of the building. This motion was properly overruled. Appearance had already been entered. The motion was not verified, and no testimony was offered to support it. It was not shown in what respect appellee's title was defective, and no attempt was made to comply with the statute relating to the granting of a new trial on the ground of newly-discovered evidence.

The judgment is, therefore, correct, and is affirmed.