TEDFORD *v.* SECURITY STATE FIRE INSURANCE Co.

178                                        278 S. W. 2d 89

Opinion delivered April 25, 1955.

*Shaver, Tackett & Jones,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

MINOR W. MILLWEE, Justice. This is an action by appellant, W. A. Tedford, against appellee, Security State Fire Insurance Company, to recover $2,000 plus statutory penalty and attorney fees allegedly due on a fire insurance policy covering a barn which was totally destroyed by fire on April 7, 1954. Appellee denied liability on the ground that appellant procured issuance of the policy by falsely and fraudulently misrepresenting and concealing the value of the insured property and his interest therein. This issue was submitted to the jury and a special verdict rendered in appellant's favor. Pursuant to this verdict the trial court found as a matter

of law that appellant was entitled to recover $181.80, or one-eleventh of the face amount of the policy, and judgment was rendered for that amount.

It is appellant's contention that the trial court erred in refusing to award judgment for $2,000, the face value of the policy, and the statutory penalty and attorney fees. Appellee has not cross-appealed.

There is little dispute in the evidence. Appellant owned an undivided one-eleventh interest in the estate of his deceased father which consisted of the lands upon which appellant resided and built the barn in question at his sole expense in February and March, 1953. On October 21, 1953, appellee issued to appellant a standard 5-year fire insurance policy in the face amounts of $2,000 on the barn and $2,500 on the dwelling for a premium of $71.50 for the first year and $55.77 each for the next four years. Prior to issuance of the policy, appellee's agent inspected the property. Both appellant and the agent testified that the former fully advised the latter at that time of his interest in the property as an heir of his deceased father. The agent listed appellant as sole owner in the application with full knowledge of the true nature of his interest.

The barn had a cash value of $2,500 to $4,000 at the time of the fire. After the fire appellee attempted to return the premium of $71.50 which appellant had paid for the first year.

In fixing the judgment at $181.80 the trial court apparently gave effect to a provision of the policy which purports to limit the amount of recovery in any event to the insured's interest in the property. It is appellant's contention that this attempted limitation is rendered nugatory and void under our valued policy statute [Ark. Stats., § 66-515] which provides: "A fire insurance policy, in case of a total loss by fire of the property insured, shall be held and considered [to be] a liquidated demand against the company taking such risk, for the full amount stated in such policy, or the full amount upon which the company charges, collects or receives a

premium; provided, the provisions of this article shall not apply to personal property.''

Since the enactment of the statute in 1889 this Court has consistently held that it cannot be evaded by contrary policy stipulations. In *E. O. Barnett Bros.* v. *Western Assurance Co.,* 143 Ark. 358, 220 S. W. 465, the Court said the valued policy statute ''becomes a part of every policy of insurance on real property in this State, the same as if it were actually written in the policy.'' Thus a policy stipulation limiting the insurance to two-thirds of the actual value of the property was held void as conflicting with the statute in *Farmers' Home Mutual Fire Association* v. *McAlister,* 171 Ark. 574, 258 S. W. 5, the Court saying: ''The contention of the insurance company in this case is that this statute does not apply, because the policy contains a provision that no property, either real or personal, shall be insured by the association for more than two-thirds of its actual value, and that the proof shows that this was done in the present case.

''Counsel for the insurance company, in making this contention, have not taken into consideration the *Payton* case cited above, in which it was expressly held that a stipulation of the policy in conflict with the terms of the statute is void. Statutes of this sort are passed for the purpose of avoiding the uncertainty of determining the value after the fire. The manifest policy of the statute is to guard against over-insurance of the property. The agents of the company have the opportunity to inspect the property fully before taking the insurance and fixing the amount of the premiums. It is the valuation fixed in advance by the parties by way of liquidated damages in case of a total loss by fire of the property insured without the fault of the insurer.'' A similar attempt to limit the amount of the loss to actual cash value or some other amount less than the full amount stated in the policy in case of total loss was held void in *Firemen's Ins. Co.* v. *Little,* 189 Ark. 640, 74 S. W. 2d 777.

The rule applicable in the present situation is stated in 29 Am. Jur., Insurance, § 1196, as follows: "It is recognized by all the cases decided upon the question that under a valued policy or the provisions of a valued policy statute, the insured insuring the property at a given valuation accepted by the insurer at the time of the issuance of the policy as the value of the insured's interest may recover the full value insured, even though he in fact has a limited or qualified interest worth less than the amount of the insurance. The insurer may not go behind the policy and show that the insured's interest is worth less than the amount of the policy." Cases from other jurisdictions which support this rule are collected in 68 A. L. R. 1352.

We think the Washington court properly interpreted the purpose and effect of the valued policy statute in *Bright* v. *Hanover F. Ins. Co.*, 48 Wash. 60, 92 Pac. 779, where it said: "The appellant contends that this section does not apply where the interest of the insured is a limited or qualified one, such as that of a tenant, a party in possession, etc.; but with this contention we are unable to agree. The valued policy law is founded on what the Legislature regarded as sound public policy, and was, no doubt, intended to relieve the insured from the burden of proving the value of his property after its total destruction, and to prevent insurance companies from receiving premiums on overvaluations, and thereafter repudiating their contracts as soon as it becomes to their interest to do so . . .

"The courts hold that the valued policy law applies in cases of concurrent insurance, and we perceive no sound reason for holding that the act does not apply to insurance on special or limited interests in real property. On the contrary, we think the plain reason and policy of the law require us to hold otherwise. It is doubtless true, as contended by the appellant, that the aggregate insurance on the several parts may exceed the value of the whole, but so may a single policy, and so may concurrent policies. To a certain extent the law undoubt-

edly gives legal sanction to wagering contract, but the policy of such a law is for the Legislature, and not for the courts.''

In *Summers* v. *Stark County Patrons' Mut. Ins. Co.,* 62 Ohio App. 73, 23 N. E. 2d 331, the insured owned an undivided one-third interest under a policy issued to him on the whole property and the insurable value was fixed by the insurer's agent after inspection of the property, as in the case at bar. In holding the mutual company liable for the face amount of the policy where there was a total loss the court said: ''In the trial of this case in the court below, the court seemed to be disturbed about giving the assured the full amount stated in his policy of insurance. The court stated that it would be against 'public policy.' The insurance company was paid the full amount of the premium for $2,000 insurance. Why should it not be required to pay that amount which was fixed by the insurance company, when it is admitted in this case that there was a total loss of the dwelling house? It has been held by the Supreme Court of Ohio that public policy never runs head-on into the statute law.'' See, also, *King* v. *Phoenix Ins. Co.,* 195 Mo. 290, 92 S. W. 892; *Hight* v. *Maryland Ins. Co.,* 69 S. D. 320, 10 N. W. 2d 285; *Mississippi Fire Ins. Co.* v. *Planters' Bank,* 138 Miss. 275, 103 So. 84.

The rule seems to be well established by all the decisions that in case of a total loss of the property insured under a valued policy statute, the valuation in the policy is conclusive upon the parties, in the absence of a showing of fraud, or misrepresentation, collusion, mistake or criminal conduct on the part of the insured. Appleman, Insurance Law and Practice, § 3828; 45 C. J. S., Insurance, § 916.

In the instant case there is substantial evidence to support the jury's finding that appellant made no fraudulent concealment nor false representation concerning the value of the property or his interest therein. It is undisputed that appellee's agent fixed the value at $2,000 and collected a premium based on such valuation with

full knowledge of the true nature and extent of appellant's interest in the property. Application of the foregoing rules, in these circumstances, entitles appellant to judgment for $2,000, the face amount of the policy, unless the valued policy statute is inapplicable to appellee, as it contends.

Appellee was organized as a farmers mutual fire insurance company under Ark. Stats., §§ 66-1501 to 66-1513. Insistence is that § 66-1502 exempts appellee from the valued policy statute. This section was a part of Act 14 of 1897 and also appears in the 1953 Cumulative Pocket Supplement as Ark. Stats., § 66-1512.[1] It should be noted that this section had been in effect over 25 years in 1920 when this Court held the valued policy statute a part of every policy of insurance on real property in the *Barnett Bros.* case, *supra*. We also held the valued policy statute applicable to a farmers mutual association organized in the same manner as appellee in the case of *Farmers Union Mutual Insurance Co.* v. *Jordan,* 200 Ark. 711, 140 S. W. 2d 430. It is true that no particular issue was made of the point in that case but this holding is in line with the rule followed generally in other jurisdictions. See *Word* v. *Southern Mutual Ins. Co.,* 112 Ga. 585, 37 S. E. 897; *Farmers' Mutual Ins. Co.* v. *Cole,* 4 Neb. Unof. 130, 93 N. W. 730; *Shinn* v. *West Virginia Ins. Co.,* 104 W. Va. 353, 140 S. E. 61; 45 C. J. S., Insurance, § 916, *supra*. The valued policy statute is all-inclusive in its terms and we still adhere to the proposition announced in the *Barnett Bros.* case, *supra*.

In connection with his contention that he is entitled to the statutory penalty and attorney's fees, appellant argues that appellee stepped out of its authorized role as a mutual assessment company by issuing a standard fire insurance policy ordinarily issued by stock companies under the general insurance laws of this state. While there may be considerable merit in this contention

[1] This section reads: "Nothing in the insurance laws of this State requiring the giving of bonds by insurance companies, nor any other provision, requirement, or regulation of any insurance law shall be construed to apply to or govern either directly or indirectly such companies or associations except as herein provided."

we held the statute providing for payment of penalty and attorney fees [Ark. Stats., § 66-514] inapplicable to farmers mutual aid associations in *Farmers Union Mutual Ins. Co.* v. *Hill,* 205 Ark. 139, 167 S. W. 2d 874. This ruling was subsequently changed by the Legislature through Act 159 of 1955. But that act is inapplicable here since it did not become effective until after trial of the instant case.

The result of our views is that the trial court erred in failing to enter judgment for appellant for the face amount of the policy under the jury's verdict. The judgment is accordingly reversed and the cause remanded with directions that judgment be entered in favor of appellant for $2,000 with interest and costs. In all other respects the judgment is affirmed.

GEORGE ROSE SMITH, J., dissents to the reversal.