A. E. HENSLEY et ux v. FARM BUREAU MUTUAL INSURANCE COMPANY of Arkansas

5-4326                                    420 S. W. 2d 76

Opinion delivered November 6, 1967

*Lightle & Tedder* and *Catlett & Henderson,* for appellants.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

J. Fred Jones, Justice. Mr. and Mrs. A. E. Hensley brought suit in the White County Circuit Court against Farm Bureau Mutual Insurance Company of Arkansas to recover on a fire insurance policy issued in the face amount of $2,000.00. A jury was waived and the cause was tried before the trial court sitting as a jury. The trial court denied recovery and dismissed the complaint on the equitable theory of unjust enrichment. Mr. and Mrs. Hensley have appealed and rely upon the following points for reversal:

> "1. The contract of insurance was valid at its inception, and remained valid until the time the insured property was totally destroyed, and under the 'Valued Policy Statute' became a liquidated demand on the date of loss.
>
> "2. Appellants as vendors under a Contract of Sale of the realty upon which the insured property was located retained a separate insurable interest in the insured property and subsequent transactions with persons not parties to the contract sued upon did not alter the fixed liability of the insuror.
>
> "3. The lower court erroneously applied the doctrine of unjust enrichment to an action at law controlled by the 'Valued Policy Statute.' "

For some time prior to 1965, appellants had carried their fire insurance in separate policies with the appellee, Farm Bureau Mutual, and one of the policies was on a rent house in the face amount of $2,000.00. This policy was renewed on January 24, 1965, with loss payable clause in favor of the Searcy Bank who held a mortgage on the property, and the annual premium for 1965 was paid by appellants. On March 2, 1965, appellants entered into a sales contract with H. D. Taylor whereby they agreed to sell the property to Taylor for $2,000.00, with $200.00 paid in cash and the balance to be paid over a period of three years in $600.00 annual installments. The contract of sale provided:

> "BUYER hereby covenants and agrees that he will keep the improvements on the property fully and adequately insured with a reputable insurance company with minimum coverage of $2,000.00, and will reflect the interest of SELLERS and of the Searcy Bank, Searcy, Arkansas."

Mr. Taylor did not have money for an insurance premium when the contract of sale was entered into, but subsequently, and without notice to, or knowledge of, the appellants, he did procure an insurance policy on the property from Glens Falls Insurance Company in the amount of $2,000.00 with loss payable to himself and to the Searcy Bank as mortgagee. On September 9, 1965, the house was completely destroyed by fire. Glens Falls paid the face amount of its policy to Taylor, who in turn paid appellants the balance due on the sale price. Appellants paid their indebtedness to the Searcy Bank and transferred title by appropriate deed to Taylor as provided in the contract of sale.

We agree with appellants on all three points relied on for reversal. As a matter of fact, appellee agrees with appellants on the first two points, but contend in their argument as follows:

"This appeal does not involve a question of the amount of damages, but whether appellants have a *right* to recovery.

"A question for determination is whether appellants breached a condition or conditions of their policy so that appellee may avoid a liability it would otherwise owe. The trial court found that they did. A second issue is whether appellants would be unjustly enriched if permitted to recover. The trial court found that they would."

We do not agree with the trial court on either of these points. We find nothing in the declaration, or in the application for membership and insurance signed by appellant, that is shown to be false when signed by appellants. As a matter of fact the declaration recites that the premises were inspected by appellee's agent, Lloyd L. Brown, who personally inspected the risk, and considering utility value, recommended that appellee accept same. The property insured was a "one-story one-family tenant dwelling." Appellant testified that this property had been sold the previous year on a contract which was forfeited, and that agent Brown advised him, upon inquiry, that such contract would not affect the insurance so long as a deed had not been delivered. This is not denied by appellee. Certainly the insurable risk should be no greater on premises occupied by a prospective purchaser who had paid $200.00 toward the purchase price than it would be when occupied by a tenant.

We find no merit to appellee's contention that appellants violated any of the provisions of the policy by willfully concealing or misrepresenting any material facts concerning the insurance subsequently procured by Mr. Taylor and of which the appellants knew nothing, until several days after the house burned down.

The policy contains a clause providing that "other insurance may be prohibited or the amount of the in-

surance may be limited by endorsement attached hereto," but we find no such endorsement to the policy.

The policy also contained a provision as follows:

"This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering property against the peril involved, whether collectible or not."

This provision in the policy avails appellee nothing in the way of defense in this case, as the insured property was a total loss.

We have in Arkansas a "valued policy law" with little change since 1889. Ark. Stat. Ann. § 66-3901 (Repl. 1966) provides as follows:

"A fire insurance policy, in case of a total loss by fire of the property insured, shall be held and considered to be a liquidated demand and against the company taking such risk, for the full amount stated in such policy, or the full amount upon which the company charges, collects or receives a premium; provided, the provisions of this section shall not apply to personal property."

The Arkansas case of *Mann* v. *Charter Oak Fire Ins. Co.*, 196 Fed. Supp. 604, was a very similar case to the one involved here. In the *Mann* case, Mr. Mann had a policy in force with Trinity Universal Insurance Co. for $15,000.00 with a mortgage clause to First Federal Savings and Loan. He owed First Federal $8,000.00. The Trinity policy prohibited other insurance. First Federal requested physical possession of the Trinity policy from Mann, but never did receive delivery of it, so First Federal procured an additional policy from Charter Oak in the amount of $8,000.00. The house was destroyed by fire, Mann collected on the Trinity policy, paid off the First Federal mortgage and sued on the Charter Oak policy.

In holding that Mann was entitled to recover, the court said:

"The defense based on the prohibition of other insurance contained in the Trinity policy and upon the conduct of Mann in connection with his obtaining payment under that policy does not lack some ethical appeal, but it cannot be sustained legally.

"An insurance company has the right to stipulate against other insurance on the insured premises, and Trinity exercised that right. Charter Oak did not do so, and, in fact, the prorata clause in its policy recognizes that the insured may carry other insurance on the property. Since the Mann property was totally destroyed by the fire, the Arkansas 'valued policy' statute, Ark. Stats. 1947, Cum. Supp. § 66-3901, is applicable, and the measure of the loss is the aggregate of the concurrent policies in force, with each insurer being liable for the full amount of its policy. 29 A Am. Jur. Insurance, § 1552; 45 C.J.S. Insurance § 922, p. 1032, *supra;* see also *Tedford* v. *Security State Fire Ins. Co.,* 224 Ark. 1047, 278 S. W. 2d 89.''

In 29 Am. Jur., Insurance § 1196, we find the following:

"It is recognized by all the cases decided upon the question that under a valued policy or the provisions of a valued policy statute, the insured insuring the property at a given valuation accepted by the insurer at the time of the issuance of the policy as the value of the insured's interest may recover the full value insured, even though he in fact has a limited or qualified interest worth less than the amount of the insurance. The insurer may not go behind the policy and show that the insured's interest is worth less than the amount of the policy."

In Couch on Insurance 2d Vol. 16, § 62:28 is found the following statement:

"The cases in general hold that provisions of policies on real property for a proportionate liability in case of co-insurance are inconsistent with statutes providing for valued policies, and are therefore invalid."

And again in Couch §§ 62:94-95 appears the following:

"A provision in a policy that in case of other insurance on the property insured, made prior or subsequent to the policy, the insured shall be entitled to recover no greater proportion of the loss than the sum insured bears to the whole amount so insured therein, applies only to cases where the insurance covers the same interests, and can have no application to insurance obtained upon another distinct insurable interest in the property. Conversely stated, 'other insurance' within the meaning of an apportionment of loss clause in a policy is other insurance on the same interest.

"Other insurance relates only to insurance held by the person insured by the policy in question, as contrasted with policies naming other persons as the insured."

See *United States Fire Ins. Co.* v. *Hodges,* 275 Ala. 243, 154 So. 2d 3; *American Century Ins. Co.* v. *Harrison,* (Texas Civ. App.) 205 S. W. 2d 417

Couch at § 62:100 states

"The policy covering the interest of a vendee under a purchase contract has no application to the insurance issued on the vendor's separate and distinct insurable interest."

In the Wisconsin case of *Ciokewicz* v. *Lynn Mut. Fire Ins. Co.,* 248 N. W. 778, Wisconsin had a standard value policy statute and also had statutory provisions whereby an insurance company could provide by policy

provisions for non-liability for loss or damage occurring while the insured has another contract of insurance, etc. The owner of a barn obtained a fire insurance policy on the barn in the amount of $1,400.00 from Lynn Mutual. He later applied to Lynn Mutual for additional insurance and the application was denied. He then purchased a policy from American Insurance Company in the amount of $1,900.00 and attempted to cancel his policy with Lynn Mutual. **The barn was totally destroyed** by fire before the cancellation was fully accomplished and American paid the face amount of its policy. The owner sued Lynn Mutual on its policy and the facts of that case, the contentions of the parties, and decision of the court on the pertinent point involved, may be concisely quoted from the body of that opinion as follows:

"[4] The policy issued by the defendant contained the following clause: 'This Company shall not be liable under this policy for a greater proportion of any loss on the described property or for loss by an expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, covering such property.' It is contended by the defendant that in view of this provision in the policy, the so-called Valued Policy Law, section 203:21, which provides: 'Whenever any policy of insurance is written to insure real property and the property insured is wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property when insured and the true amount of loss and measure of damages when destroyed,' does not apply in this case." * * *

"[6, 7] It is further argued that the plaintiff, having already been paid $1,300 by the American Insurance Company, if he be now permitted to recover the amount named in the policy of the defendant,

his total recovery will exceed the value of the property. This is no doubt true. Most insurers protect themselves in a situation of that kind by including in their policies a provision that the insurer shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, etc., in which event section 203:215 appears to be applicable. The provisions of the valued policy law are valid and we perceive no reason why the law does not apply in this case. *Fox* v. *Milwaukee Mechanics Insurance Co.* (Wis.) 246 N. W. 511. Courts cannot suspend the operation of statutes merely because an unexpected result may work out in a particular case. The Valued Policy Law being applicable, it being stipulated that the property was totally destroyed and the fire was accidental, the plaintiff should have had judgment for the amount named in the policy, $1,400, with interest."

In the case before us there is no evidence at all of fraud in the procurement of either of the policies. Each insured had a separate insurable interest. Subrogation rights as between the two insurance carriers are not involved. Had the contract purchaser not procured his own policy, certainly appellee would have been liable on its policy and payment to appellant on that policy would not have affected the purchaser's liability under the sales contract in the least. Whether the purchaser paid his indebtedness to appellant out of funds paid to him by his own insurer or out of some other funds is no concern to appellee. The liability of Glens Falls to its own insured is not before us, but its liability could in no wise affect appellee's liability to its insured. Although appellee's policy provided "other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto," no such endorsement was attached. Although the policy provides "this company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not," we interpret "the

whole insurance covering the property'' to mean the whole insurance procured by the insured on his own insurable interest and not including insurance on the insurable interest of some third party who has contracted to purchase the insured premises. Even if we should interpret this provision otherwise, it would be ineffective as in conflict with the Valued Policy Statute in this case. (*Mann* v. *Charter Oak, supra.*)

The appellant did not breach his insurance contract by not advising appellee of matters he had no knowledge of until some thirty days after the fire. The actual value of the insurable interest of the purchaser was not necessarily confined to the amount he agreed to pay for the premises or the cost of rebuilding the house. The value of the interest he did insure was fixed at the full face amount of his policy under the statute, and what he did with the proceeds was of no concern to appellee. The insurable interest of the appellants is not questioned, and we fail to see where unjust enrichment is involved in this case.

If the appellants were unduly enriched at all in this case, it was because the purchaser honored his purchase agreement and paid for the property even though the house had been destroyed by fire. As between the appellants and appellee, there was no unjust enrichment involved. Appellants paid the premium for one year on insurance in the amount of $2,000.00. The house was totally destroyed by fire within the year, so appellants should be paid the face amount of the policy in the amount of $2,000.00. The record does not show how many annual insurance premiums appellants had previously paid to appellee on this and his other property, but if he had continued to pay premiums on a $2,000.00 policy for any number of years and no fire had occurred, appellants would be entitled to no payment under the terms of their policy, neither would the appellee be unjustly enriched by the premiums paid.

We conclude that the judgment of the trial court should be reversed and this cause remanded to the trial

court for entry of a judgment not inconsistent with this opinion. The trial court will fix and award the penalty and attorney fee.

Reversed and remanded.