638

## INTERSTATE FIRE INSURANCE CO. *v.* FREDDIE JAMES

5-5908

480 S.W. 2d 341

Opinion delivered May 22, 1972

*Bridges, Young, Matthews & Davis,* for appellant.

*Owens & Fikes,* for appellee.

J. FRED JONES, Justice. This is an appeal by Interstate Fire Insurance Company from a summary judgment rendered by the Jefferson County Circuit Court in favor of Freddie James on a fire insurance policy.

The complaint filed by James alleged that Interstate had issued its two policies to him insuring his house against loss by fire in the amount of $2,100, and the contents of the house in the amount of $1,000. He alleged that on March 11, 1971, while both policies were in effect, the house and its contents were completely destroyed by fire; that Interstate paid the $1,000 for loss of contents of the house, but refused to pay the $2,100 for the loss of the building. He prayed judgment for this amount; for penalty and attorney's fee.

Interstate filed its answer admitting the issuance of the policies as alleged in the complaint, but alleging that Mr. James' sister, Della Sterling, had also procurred fire insurance from another company in the amount of $2,000 on the same building. Interstate alleged that Mr. James placed a value of $3,000 on the building when the policy was issued to him and since there was another policy in the amount of $2,000 on the property, Interstate was entitled to pro rate its liability under the terms of its contract. Interstate admitted liability for $1,536.57 or 21/41 of the $3,000 value under the provisions of its policy and it tendered this amount into the registry of the court.

From the motion and affidavit for summary judgment together with the responses to interrogatories propounded to James by Interstate, it appears that the appellee James together with his brother Frank and his sister Della Sterling, became the owners of the property in an undivided one-third interests by inheritance from their mother who died prior to 1950, and that they had owned the property as tenants in common since their mother's death. James and his wife lived in the house when it was destroyed by fire. Prior to the date of the fire James' sister, Della Sterling, borrowed some money from Flora Mogy and gave a mortgage on her undivided one-third interest in the property to secure the loan. The mortgagee, Flora Mogy, was the daughter of Aaron Goldweber, and unknown to the appellee James, Mr. Goldweber procured fire insurance on the property in the face amount of $2,000 with Mrs. Sterling as the named beneficiary. After the house was destroyed by fire, the face amount of this policy was paid to the insured Sella Sterling.

After reciting the above facts, the trial court held that Ark. Stat. Ann. § 66-3901 (Repl. 1966), known as the Valued Policy Law, was applicaable to the case, and that Interstate was not entitled to credit on the pro rata basis of the value of the policy paid by the other insurance company to James' sister. The trial court held that James was entitled to a judgment for the full face amount of the policy as prayed in his complaint, and the trial court entered judgment against Interstate for $2,100 together

with 12% penalty in the amount of $252 and $525 as reasonable attorney's fee.

Interstate relies upon the following points for reversal:

"There were material issues of fact left to be decided by the trial court which were precluded by the Summary Judgment.

The Valued Policy Act does not preclude or nullify the pro rata or other insurance clauses in an insurance contract."

In arguing its first point, Interstate cites several cases in support of the familiar proposition that summary judgments are not generally favored and should be granted only where there is a clear absence of genuine material issues as to the facts. Interstate argues that it was never given an opportunity to question James as to his knowledge of other fire insurance his sister had on the property and that it had no opportunity to inquire into the possibility of fraud and collusion between James and his sister.

Interstate in its answer admitted the allegations in paragraphs one and two of the complaint and did not question James' insurable interest in the house involved. As a matter of fact Interstate admitted its liability to the extent of $1,536.57 and stood solely on the pro rata liability provision in its policy. We conclude, therefore, that Interstate's contention under its first point is without merit.

As to Interstate's second point, it discusses the Arkansas Valued Policy Law, § 66-3901 *supra,* and cites a number of decisions interpreting the statute in this state and similar provisions in other states as applied to pro rata provisions of fire insurance policies. The policy provision on which Interstate relies is not in the record but is set out in Interstate's brief as follows:

"This company shall not be liable for a greater proportion of any loss than the amount hereby insured

shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

The case of *Hensley* v. *Farm Bureau Mutual Ins. Co.*, 243 Ark. 408, 420 S.W. 2d 76, involved a total loss with dual and separate insurance coverage, and in that case the contract in litigation contained a provision in exactly the same language as that relied on by Interstate in the case at bar. In the *Hensley* case we said:

"This provision in the policy avails appellee nothing in the way of defense in this case, as the insured property was a *total loss*." (Emphasis added).

In *Hensley* we further said:

"Although the policy provides 'this company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not,' we interpret 'the whole insurance covering the property' to mean the whole insurance procured by the insured on his own insurable interest and not including insurance on the insurable interest of some third party who has contracted to purchase the insured premises. Even if we should interpret this provision otherwise, it would be ineffective as in conflict with the Valued Policy Statute in this case." (Citing *Mann* v. *Charter Oak Fire Ins. Co.*, 196 F. Supp. 604).

There is nothing in the record of the case at bar that would justify a deviation from our holding in *Hensley, supra*, so the judgment of the trial court is affirmed.

Affirmed.