## THURSTON NATIONAL INSURANCE COMPANY *v.* George W. DOWLING

75-328                                        535 S.W. 2d 63

### Opinion delivered April 12, 1976

*Putman, Davis & Bassett,* for appellant.

*Little, Lawrence, McCollum & Mixon,* by: *James G. Mixon,* for appellee.

ELSIJANE T. ROY, Justice. Appellant Thurston National Insurance Company issued a fire insurance policy to appellee George W. Dowling which covered a dwelling house owned by appellee. The face amount of the policy was $8,000, and it contained a $50 deductible provision. In May, 1973, the house was totally destroyed by fire, and after settlement negotiations proved fruitless suit was filed by appellee to recover the sum of $8,000, plus statutory penalty, interest and attorney's fee.

Appellant first denied the allegations of the complaint but later amended its answer, admitting liability to the extent of $7,950 by reason of the fire loss, but denying that it was liable to appellee for penalty, interest and attorney's fee for the reason that appellee had at all times demanded the sum

of $8,000.

Appellant deposited $7,950 into the registry of the court, a stipulation of facts was filed and both sides then moved for summary judgment. The trial court entered summary judgment in favor of appellee, holding that the $50 deductible provision in appellant's policy of insurance was void as being contrary to and in violation of the Arkansas Valued Policy Law. The court accordingly under the provisions of Ark. Stat. Ann. § 66-3238 (Repl. 1966) awarded penalty, interest and attorney's fee to appellee. From that judgment this appeal follows.

For reversal appellant urged that the trial court erred in ruling the deductible provision of appellant's fire insurance policy violated the Arkanaas Valued Policy Law and in awarding penalty, interest and attorney's fee to appellee.

Ark. Stat. Ann. § 66-3901 (Repl. 1966) commonly referred to as the Valued Policy Law, states:

> A fire insurance policy, in case of a total loss by fire of the property insured, shall be held and considered to be liquidated demand and against the company taking such risk, *for the full amount stated in said policy,* or the full amount upon which the company charges, collects or receives a premium; provided, the provisions of this section shall not apply to personal property. (emphasis supplied)

Appellant's position is that the full amount of the policy is $7,950 after being reduced by the deductible. However, the policy, under Item No. 1, clearly shows that the full amount of insurance stated in the policy is the sum of $8,000.00 on a one-story frame dwelling. The parties stipulated appellant had one basic policy for rural dwellings which always included a deductible provision and it did not offer the same coverage without a deductible clause for a premium in a different amount. The deductible provision, therefore, diminishes the actual amount of recovery to an amount less than "the full amount stated in said policy".

Our cases have very carefully protected *full recovery* of the insured under the Arkansas Valued Policy Law. In several cases we have held invalid provisions in fire policies which have attempted to limit or diminish the companies' liabilities to amounts less than the full amounts of the policies.

In the case of *Farmers Home Mutual Fire Ass'n* v. *McAlister,* 171 Ark. 574, 285 S.W. 5 (1926), this Court struck down a clause in a fire policy which limited the liability of the insurance company to two-thirds of the actual value of the property which had been totally destroyed by fire. We held that under the Arkansas Valued Policy Law any clause in the policy which limits liability in the event of a total loss is void.

In *Fireman's Insurance Company* v. *Little,* 189 Ark. 640, 74 S.W. 2d 777 (1934), a policy provision was voided which tended to limit the company's liability to the actual cash value of the insured property. In the case of *Tedford* v. *Security state Fire Insurance Company,* 224 Ark. 1047, 278 S.W. 2d 89 (1955), a limitation in a fire policy was struck down which restricted the amount an insured could recover to the amount of his interest in the insured property. The basis of this decision was the Valued Policy Law, and the Court stated:

> Since the enactment of the statute in 1889 this court has consistently held it cannot be evaded by contrary policy stipulations. * * *

In the case of *Interstate Fire Insurance Company* v. *James,* 252 Ark. 638, 480 S.W. 2d 341 (1972), this Court also voided a policy provision which limited the company's liability to a pro-rata share of the insurance in force against a particular dwelling which was totally destroyed by fire. This Court quoted with approval from the case of *Hensley* v. *Farm Bureau Insurance Co.,* 243 Ark. 408, 420 S.W. 2d 76 (1967), as follows:

> This provision in the policy avails appellee nothing in the way of defense in this case as the insured property was a total loss.

Our cases hold that where a total loss is involved a clause which diminishes recovery to less than the full amount stated

in the policy is void. The parties stipulated appellee's "dwelling was totally destroyed by fire".

For the foregoing reasons the case is affirmed.