METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY *v.* Loyd V. STANCEL and Doris L. STANCEL

CA 84-440                                   697 S.W.2d 923

Court of Appeals of Arkansas
Division II
Opinion delivered October 16, 1985

92

*Butler, Hicky, Hicky & Routon, Ltd.*, for appellant.

*B. Michael Easley*, for appellee.

DONALD L. CORBIN, Judge. Appellees, Loyd V. Stancel and Doris L. Stancel, were issued a homeowners insurance policy by appellant, Metropolitan Property and Liability Insurance Company, which was in force on June 15, 1982, providing coverage against loss by fire for appellees' dwelling in the amount of $90,000, personal property in the amount of $45,000 and additional expenses in the amount of $22,500. It was stipulated at trial that the insured dwelling and contents were totally destroyed by fire. Appellant denied coverage based upon misrepresentation in the application for insurance and appellees filed suit for $136,000 ($90,000 for dwelling coverage, $45,000 for personal property coverage and additional expenses in the amount of $1,000), 12% penalty, attorneys' fees and 10% per annum interest from the date of claim.

The jury rendered a verdict in favor of appellees in the amount of $136,000. The trial court then awarded the 12% statutory penalty, attorneys' fees of $26,250 and prejudgment interest on $135,000 of the verdict amount from the date of loss at the rate of 6% per annum. We affirm as modified.

Appellant, in its first point for reversal, alleges that the trial

court erred in refusing, as a matter of law, to reduce the jury verdict by $100, which represents the deductible amount pursuant to the insurance policy in question under coverages A and C.

The loss of insured real property and personal property is involved here. *Thurston Nat'l Ins. Co.* v. *Dowling*, 259 Ark. 597, 535 S.W.2d 63 (1976), clearly dictates the result to be reached under the facts of the instant case as it relates to the loss of the real property. In *Thurston, supra*, appellant Thurston National Insurance Company issued a fire insurance policy to appellee George W. Dowling which covered a dwelling house owned by appellee. The face amount of the policy was $8,000, and it contained a $50 deductible provision. The house was totally destroyed by fire and suit was filed by appellee to recover the sum of $8,000, plus statutory penalty, interest and attorneys' fees. Appellant admitted liability to the extent of $7,950 by reason of the fire loss, but denied that it was liable to appellee for penalty, interest and attorneys' fees for the reason that appellee had at all times demanded the sum of $8,000. The trial court entered summary judgment in favor of appellee, holding that the $50 deductible provision in appellant's policy of insurance was void as being contrary to and in violation of the Arkansas Valued Policy Law. The court, under the provisions of Ark. Stat. Ann. § 66-3238 (Repl. 1980) awarded penalty, interest and attorneys' fees.

Justice Elsijane T. Roy, writing for a majority in *Thurston, supra*, noted that appellant's position was that the full amount of the policy was $7,950 after being reduced by the $50 deductible and that the deductible provision, therefore, diminished the actual amount of recovery to an amount less than "the full amount stated in the policy." This is basically the same argument raised by appellant in the instant case. Ark. Stat. Ann. § 66-3901 (Repl. 1980), commonly referred to as the Valued Policy Law, provides:

> A fire insurance policy, in case of a total loss by fire of the property insured, shall be held and considered to be liquidated demand and against the company taking such risk, *for the full amount stated in said policy*, or the full amount upon which the company charges, collects or receives a premium; provided, the provisions of this section shall not apply to personal property. (emphasis supplied)

■ Justice Roy, in reliance on this provision and other case law, affirmed the trial judge, stating, "Our cases hold that when a total loss is involved a clause which diminishes recovery to less than the full amount stated in the policy is void." The rule in *Thurston* is dispositive when applied to the facts of the instant case concerning the loss of real property. It is not clear whether *Thurston, supra,* applies only to loss of real property or to loss of personal property as well. The Valued Policy Law was the basis for the rule in *Thurston* and that statute, as cited earlier, specifically excludes personal property from its coverage. Neither party has cited a case which extends the rule in *Thurston* to personal property. There may be valid policy reasons for extending that rule to cover loss of personal property when it is coupled with a loss of real property. In this case, however, there are other grounds on which we may decide this issue.

The policy, which included the deductible provision, was introduced into evidence. Appellant did not plead the deductible as a setoff, but did argue to the jury that it was entitled to a setoff. In its written order denying appellant's motion for Judgment N.O.V., the trial court stated as follows:

> [T]he policy was introduced into evidence with the declarations, the portion of the policy showing the $100.00 deductible provision, and same was available for consideration by the jury . . . Defendant argued in its closing argument that it was entitled to credit for the $100.00 deductible against the amount claimed by Plaintiffs. Also, the Court must consider that the case was presented to the jury on a general verdict requiring only one verdict and no request was made of the jury to itemize or set out its specific award as to each element of coverage. Further, the Plaintiffs proved additional living expenses in an amount approximating $7,400.00, but only requested that the jury return a verdict of $136,000.00. This would have given the jury ample opportunity to consider the $100.00 deductible, but still grant the $136,000.00 judgment as requested by Plaintiffs.

■ The case went to the jury on a general verdict, and appellant made no post-trial effort to determine whether the jury considered the deductible amount. It is evident that the jury

considered the contract provision on the deductible, and we believe there is substantial evidence to support its award of $136,000.

■ It appears from the record that appellant waived for purposes of appeal the issue of reduction of the verdict by $100 by its failure to make a motion for a directed verdict, stating specific grounds therefor, either at the close of appellees' evidence or at the conclusion of the case. *Sanson* v. *Pullum*, 273 Ark. 325, 619 S.W.2d 641 (1981); *Dodson Creek, Inc.* v. *Fred Walton Rlty.*, 2 Ark. App. 128, 620 S.W.2d 947 (1981). Accordingly, we find no error in the trial court's refusal to reduce the jury verdict by the amount of the deductible. The matter was properly submitted to the jury for its determination and there is substantial evidence to support its award.

In its second point for reversal, appellant alleges that the trial court erred in awarding prejudgment interest. Appellant asserts that the damages sustained by appellees could not be ascertained at the time of the loss. The trial court found that $135,000 of the $136,000 of damages was capable of being ascertained at the date of the loss and awarded prejudgment interest on $135,000.

■■ In *Toney* v. *Haskins*, 7 Ark. App. 98, 644 S.W.2d 622 (1983), we held that if there is a method of determination in both time and amount of the value of the property at the time of the injury then prejudgment interest should be allowed. In the case at bar, the principal sum demanded in appellee's complaint, i.e., real estate and its contents, was readily calculable as of the date of loss and, therefore, subject to prejudgment interest under *Lovell* v. *Marianna Fed. S&L Assn.*, 267 Ark. 164, 589 S.W.2d 577 (1979), and *Toney, supra.* The trial court here apparently did not award prejudgment interest on the $1,000 attributable to additional living expenses because these expenses were not capable of determination in both time and amount at the time of loss. The court properly awarded prejudgment interest on $135,000 which represented the face amount of the policy coverage on the home ($90,000) and its contents ($45,000).

■ Appellant also argues, in the alternative, that the trial court erred in calculating prejudgment interest from the date of loss and that the trial court should have awarded prejudgment

interest calculated from sixty (60) days after proof of loss was received by appellant. In their original complaint appellees prayed for "interest from date of claim at 10% per annum" and in their amended complaint appellees prayed for "statutory penalty, attorneys' fees, interest, and costs" generally. Appellees concede that, under the terms of the policy, prejudgment interest should be calculated from October 27, 1982 (60 days after proof of loss was received by appellant) to May 22, 1984 (the date of judgment). That amount is $12,715.52, a reduction of $2,974.11 from the trial court's award for prejudgment interest.

Appellant asserts that appellees should not be awarded penalty, interest and attorneys' fees under Ark. Stat. Ann. § 66-3268 because appellees did not recover the exact amount prayed for in their complaint. We find this argument to be without merit. Appellees did not pray for interest from date of loss in their original complaint nor in their amended complaint.

The judgment of the trial court is affirmed with a modification of the award of prejudgment interest to show a reduction of $2,974.11 (the difference between interest calculated from the date of loss and sixty (60) days after proof of loss was received by appellant).

Affirmed as modified.

COOPER and GLAZE, JJ., agree.